RECEIVED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

PD-1474-14

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

JIMMY DON CASEY,
*Appellant*

v.

THE STATE OF TEXAS,
*Appellee*

On Petition for Discretionary Review from the Ninth Court of Appeals in No. 09-13-00367-CR, affirming the conviction in Cause Number CR29444, From the 75th Judicial District Court of Liberty County, Texas

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CHIP B. LEWIS
TBN 00791107
Alicia Devoy O'Neill
TBN 24040801
1207 South Shepherd
Houston, Texas 77019
Phone: (713) 523-7878
Fax: (713) 523-7887
Email: chipblewis@aol.com

Counsel for Appellant

PD-1474-14

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

**JIMMY DON CASEY,**
*Appellant*

v.

**THE STATE OF TEXAS,**
*Appellee*

On Petition for Discretionary Review from the Ninth Court of Appeals in No. 09-13-00367-
CR, affirming the conviction in Cause Number CR29444,
From the 75th Judicial District Court of Liberty County, Texas

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**CHIP B. LEWIS**
TBN 00791107
**Alicia Devoy O'Neill**
TBN 24040801
1207 South Shepherd
Houston, Texas 77019
Phone: (713) 523-7878
Fax: (713) 523-7887
Email: chipblewis@aol.com

**Counsel for Appellant**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ii

INDEX OF AUTHORITIES ..............................................................................................iii

STATEMENT REGARDING ORAL ARGUMENT............................................1

STATEMENT OF THE CASE ...........................................................................................1

STATEMENT OF PROCEDURAL HISTORY ..........................................................1

GROUNDS FOR REVIEW.................................................................................................2

Ground One: In failing to properly consider and address all necessary factors in determining whether the trial court's failure to properly charge the jury on unanimity resulted in harm in the Appellant's case, the Ninth Court of Appeals failed to meet the requisites of Texas Rule of Appellate Procedure 47.1.

Ground Two: The opinion of the Ninth Court of Appeals in the Appellant's case squarely conflicts with the opinion of the Fourth Court of Appeals in *Arrington v. State*.

ARGUMENT .............................................................................................................................2

PRAYER FOR RELIEF.......................................................................................................13

CERTIFICATE OF FILING AND SERVICE...........................................................14

APPENDIX..............................................................................................................................15

Texas Criminal Pattern Jury Charge; Continuous Sexual Abuse of a Child..............A1

*Jimmy Don Casey v. State*.......................................................................................A2

# INDEX OF AUTHORITIES

**Cases**

*Almanza v. State,* 686 S.W. 157, 172 (Tex. Crim. App. 1984)(en banc)..........................4

*Arrington v. State,* 413 S.W.3d 106 (Tex.App.—San Antonio 2013)....................4, 5, 8, 9, 10, 12

*Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).........................................3

*Carsner v. State,* 444 S.W.3d 1, 3 (Tex. Crim. App. 2014)..............................................3

*Cosio v. State,* 353 S.W.3d 766, 772 (Tex. Crim. App. 2011)...........................................4

*Harris v. State,* 522 S.W.2d 199, 202 (Tex.Crim.App.1975)...........................................3

*Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996)............................................5

*Kuhn v. State,* 393 S.W.3d 519, 537 (Tex.App.-Austin 2013, pet. ref'd).............................7

*Ngo v. State,* 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).............................................4

*Sinclair v. State,* PD-0669-14, 2014 WL 5370044 (Tex. Crim. App. 2014)..........................3

*Smith v. State,* 397 S.W.3d 765 (Tex. App. San Antonio 2013)........................................4

**Statutes**

Tex. Pen. Code § 21.02 ...........................................................................................1,3

Tex. Pen. Code § 21.11............................................................................................1

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests oral argument.

## STATEMENT OF THE CASE

The Appellant, Jimmy Don Casey, was charged by indictment with one count of continuous sexual abuse of a child, the indictment alleging two manners and means of commission of the offense, and one count of indecency with a child. *See* Tex. Penal Code Ann. § 21.02 & 21.11 (C.R. at 2). The Appellant entered a plea of "not guilty" and the case was presented to a jury (4 R.R. at 11-13). On July 31, 2013, the jury found the Appellant guilty as charged of continuous sexual abuse of a child. The jury sentenced him to thirty (30) years in the Texas Department of Corrections – Institutional Division (C.R. at 45). No motion for new trial was filed.

## STATEMENT OF PROCEDURAL HISTORY

On October 28, 2014, in a memorandum opinion, the Ninth Court of Appeals affirmed the Appellant's conviction. No motion for rehearing was filed. This Court granted the Appellant's Motion for Extension of Time to File Petition for Discretionary Review, allowing him until December 31, 2014, to do so. On December 19, 2014, the original petition was filed electronically and the original and eleven (11) copies of this petition were timely filed by placing them in the United States mail, addressed to Clerk of the Court, Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711.

1

## GROUNDS FOR REVIEW

GROUND ONE: IN FAILING TO PROPERLY CONSIDER AND ADDRESS ALL NECESSARY FACTORS IN DETERMINING WHETHER THE TRIAL COURT'S FAILURE TO PROPERLY CHARGE THE JURY ON UNANIMITY RESULTED IN HARM IN THE APPELLANT'S CASE, THE NINTH COURT OF APPEALS FAILED TO MEET THE REQUISITES OF TEXAS RULE OF APPELLATE PROCEDURE 47.1.

GROUND TWO: THE OPINION OF THE NINTH COURT OF APPEALS IN THE APPELLANT'S CASE SQUARELY CONFLICTS WITH THE OPINION OF THE FOURTH COURT OF APPEALS IN *ARRINGTON V. STATE*.

## ARGUMENT FOR GROUNDS ONE AND TWO

On direct appeal, the Appellant argued that a number of different errors in the trial court's jury charge resulted in egregious harm to him. Specifically, the Appellant argued that the application paragraphs of the court's charge failed to include the unanimity language required by the continuous sexual abuse statute, that this error was compounded by numerous other specific errors in the charge, and as a result the charge allowed for conviction in a number of manners not authorized by law.

In rejecting the Appellant's claim on direct appeal, the Court of Appeals wholly failed to conduct any analysis or come to any clear conclusion as to error for failing to include the unanimity instruction in the charge. The Court of Appeals summarily analyzed the following information and found that it weighed against a finding that the Appellant was "denied a fair trial": that the Court of Appeals had already determined the evidence to be legally sufficient in an earlier ground, it believed the charge as a whole communicated the thirty (30) day

2

requirement, and the State read the indictment to the jury, and the Defense reminded the jury of the charged offense during argument.

## Court of Appeals Must Conduct Meaningful Review of All Claims

Regardless of which side is appealing a trial court's ruling, the Court of Appeals must issue a ruling that properly addresses all of the issues raised. In *Carsner v. State*, this Court admonished an intermediate court for failing to so do: "(t)he court of appeals failed to address every issue necessary to the disposition of the appeal," and remanded the case to the appellate court for further proceedings. *Carsner v. State*, 444 S.W.3d 1, 3 (Tex. Crim. App. 2014). Though unpublished, this Court also addressed this issue in *Sinclair v. State*, a *per curiam* opinion, and remanded that case to the Appellate Court because it overruled the Appellant's issue on appeal without a meaningful discussion or citation to any authority. *Sinclair v. State*, PD-0669-14, 2014 WL 5370044 (Tex. Crim. App. 2014).

## Error and Harm Analysis in the Appellant's Case

*Error Analysis*

In analyzing a jury charge issue, an appellate court's first duty is to decide whether error exists. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Error occurs when a jury charge fails to directly apply the law to the facts. *Harris v. State,* 522 S.W.2d 199, 202 (Tex.Crim.App.1975). The unanimity requirements set forth in section 21.02(d) must be included in the application paragraph of a continuous sexual abuse charge in order to distinctly set forth the law applicable to the case in the jury charge[1] as required by the Texas

---

[1] The Texas Criminal Pattern Jury Charge for continuous sexual abuse of a child which contains an example of an application paragraph that properly informs a jury of what facts, if found by the jury,

3

Code of Criminal Procedure. *Smith v. State*, 397 S.W.3d 765 (Tex. App. San Antonio 2013). It is error to not include the unanimity language in the application paragraph and the harm analysis will look at the clarity of the rest of the paragraph (or in this case, paragraphs). *Smith* at 771-772.

Though the Ninth Court of Appeals did not make any explicit conclusion as to error in this case, the Fourth Court of Appeals relied on this Court's precedent when it conducted a similar analysis. That Court found that where evidence of multiple instances of criminal acts constituting the offenses were presented at trial, as they were in the Appellant's case, an instruction on jury unanimity is required. *Arrington v. State*, 413 S.W.3d 106 (Tex.App.—San Antonio 2013); citing *Cosio v. State*, 353 S.W.3d 766, 772 (Tex. Crim. App. 2011). Just as in *Arrington* and *Cosio*, the charge in this case contained error because it permitted a non-unanimous verdict based on the evidence presented in this case. *Id.*

*Harm Analysis*

If error exists, the court then analyzes that error for harm. *Id.* If not objected to, appellate courts examine the record for egregious harm under the *Almanza* standard. *Almanza v. State*, 686 S.W. 157, 172 (Tex. Crim. App. 1984)(en banc). Errors that result in egregious harm are those that affect "the very basis of the case," "deprive the defendant of a valuable right," or "vitally affect a defensive theory." *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005). To determine whether a defendant has sustained egregious harm an appellate court should consider: (1) the entire charge; (2) the state of the evidence, including

---

would constitute proof of the elements of that offense is attached to this brief as Appendix A-1. Texas Criminal Pattern Jury Charges (2011).

contested issues; (3) arguments of counsel; and (4) any other relevant information. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

In examining the factors for determining egregious harm in the Appellant's case, the Court of Appeals wholly failed to consider the factors that the Court in *Arrington* considered to be a vital part of its harm analysis, as well as a number of the factors that the Appellant raised in his appellate brief. Importantly, in *Arrington* the Court found that where there was no unanimity instruction, as in the Appellant's case, that the charge permitted a non-unanimous verdict based on the extraneous evidence presented *and that the magnitude of this particular error in and of itself "weighs in favor of finding egregious harm."* *Arrington* at 112 (emphasis added). The Appellate Court here did not analyze the error at all, let alone count the magnitude of the error as a factor in its harm analysis. A true analysis of the error itself along with all of the other factors in light of *Arrington,* and the Appellant's unaddressed claims from his appeal, establish egregious harm in this case.

(1) the entire charge;

When the Appellate Court in *Arrington* analyzed the "entire jury charge" in light of the unanimity error, they focused on the lack of the unanimity instruction itself and the fact that the only mention in the charge of unanimity was included in the "boilerplate" language in the foreman instruction section of the charge. *Id.* The charge in the Appellant's case is exactly the same as the charge in *Arrington*, in that it contains only one mention of the word unanimous and it is in the same boilerplate language relating to selecting a foreman. The Ninth Court of Appeals makes no mention of this fact in their opinion and failed to use it in consideration of this factor.

5

Further, as asserted in the Appellant's brief but not addressed by the Court of Appeals, the application paragraphs failed to include the specific unanimity language required by the continuous sexual abuse statute. The harm in the Appellant's case was compounded by the introduction of a large amount of extraneous testimony and an application paragraph that was broken into three confusing separate paragraphs set out and worded exactly as follows:

"Charging paragraph. Now, bearing in mind the foregoing instructions if you find from the evidence beyond a reasonable doubt that on or about the 1st day of December, 2007 through the 1st day of June, 2009 in Liberty County, Texas the defendant, Jimmy Don Casey, did then and there with intent to arouse or gratify the sexual desires of the defendant or Kayla Wells intentionally or knowingly engage in sexual conduct with Kayla Wells by touching the genitals of Kayla Wells, a child younger than 14 years;

And/or if you find from the evidence beyond a reasonable doubt that from on or about the 1st day of December, 2007 through the 1st day of June, 2009 in Liberty County, Texas the defendant, Jimmy Don Casey, did then and there with intent to arouse or gratify the sexual desires of the defendant and/or Kayla Wells intentionally or knowingly cause Kayla Wells, a child younger than 14 years of age, to engage in sexual conduct by causing the said Kayla Wells to touch the genitals of the defendant, Jimmy Don Casey;

If you find from the evidence beyond a reasonable doubt that during a period that is 30 days or more—30 or more days in duration Jimmy Don Casey committed two or more acts of sexual abuse, you will find the defendant guilty of continuous sexual abuse of a child as charged in the indictment."

The jury was simply not properly instructed on unanimity. This is compounded by a third paragraph that allowed for non-unanimous conviction without requiring the jury to find that K.W. was the complainant, that the sexual abuse incidents both happened within Liberty County, Texas, that the Complainant was under 14 years of age at the time of both instances of sexual abuse, that the Appellant was at least 17 years old at the time of both instances of sexual abuse, or that the acts of sexual abuse specifically alleged in the

6

indictment were the ones that had to be found in order to convict as opposed to the other uncharged behavior testified to by the Complainant.

The charge also included confusing definitions of "sexual abuse" referring to Indecency with a Child where "child" is specifically defined as a person under 17 years of age and not the person younger than 14 years of age required by the continuous sexual abuse language. The charge also contained a definition for Indecency by Exposure and defines it as "sexual abuse," even though no Indecency by Exposure was alleged in the indictment but was alleged as extraneous information by the State during trial.

Importantly, the jury charge in this case merely directed the jury that they must consider any abuse that happened before indictment. No part of the jury charge informed the jury that they could only consider allegations of abuse that occurred after the enactment of the statute on September 1, 2007. It is further error to include the instruction that the trial court did in the Appellant's case regarding the timing of the incidents of abuse only needing to precede indictment and be within the statute of limitations because no one can be convicted of continuous sexual abuse of a child for behavior that occurred before the statute was enacted on September 1, 2007. *Kuhn v. State*, 393 S.W.3d 519, 537 (Tex.App.-Austin 2013, pet. ref'd). The court in *Kuhn* found that there was not egregious harm to the defendant in part because the defendant himself created a timeline for abuse that clearly provided the jury with a reasonable basis to believe that the abuse occurred after the statute was enacted and the application paragraph contained a correct statement of the law. *Id* at 524-531. Here the Appellant made no statements, the Complainant gave only confused and uncertain testimony, and the State argued the long history of the abuse in such a way as to

7

leave the jury with the impression that they were free to non-unanimously convict for any abuse that they believed happened before the statute was enacted on September 1, 2007.

The lack of any meaningful unanimity instruction is a factor that weighs in favor of a finding of egregious harm, it was compounded by the other errors in the charge in the Appellant's case, and should have been considered by the Appellate Court.

(2) the state of the evidence, including contested issues;

When the Appellate Court in *Arrington* analyzed this factor, it focused on three areas of evidence common in sexual assault-type of cases. First, in that case and in the Appellant's case, there was no DNA or forensic evidence and no medical injuries consistent with the sexually assaultive claims of the Complainant. *Arrington* at 113; (4 R.R. at 67-70). Second, evidence that the Complainant did not make immediate full outcry of her claims of abuse against the Defendant in that case. Similarly, in this case the Complainant's claims were delayed by an expanse of time and only made at the insistence of her family members. *Id.;* (4 R.R. at 21-22, 80-85). Third, in *Arrington,* improper bolstering of the Complainant's testimony was permitted. *Id.* In the Appellant's case, inadmissible evidence was repeatedly testified to regarding *limined* out alleged sexual extraneous offenses against other family members (4 R.R. at 6-8, 94). This evidence is even more harmful than the plain bolstering in *Arrington.* The Ninth Court of Appeals acknowledged that the State's witnesses *repeatedly* testified about these extraneous accusations in violation of the trial court's ruling and the Texas Rules of Evidence but did not consider it in any manner in their evaluation of the harm element in the Appellant's jury charge error claim.

8

Further, as the Appellant pointed out on direct appeal, the errors in the charge are greatly exacerbated by the state of the evidence. Specifically, by the combination of confused and wholly unclear testimony by the Complainant regarding many extraneous offenses and where any of the incidents occurred, whether they occurred after September 1, 2007, when the incidents occurred in time, when the incidents occurred in relation to one another, or how old the Complainant was when any specific incident occurred. This factor weighs in favor of a finding of egregious harm and should have been meaningfully considered by the Appellate Court.

(3) arguments of counsel;

The Defense's closing argument at trial focused on the defense that the Appellant was innocent. The State's closing argument referred to the alleged abuse generally, emphasizing the long history of the alleged abuse, and did not mention the necessity of finding the elements as alleged in the indictment. Neither the State nor the Defense explained the unanimity provision of the continuous sexual abuse law, or reinforced that the two alleged acts of sexual abuse must have happened in a period greater than 30 days in duration. When the Appellate Court in *Arrington* analyzed this factor, it focused on the fact that during argument in that case, as in this case, neither the State nor the Defense mentioned unanimity but neither argued that the jury did not have to be unanimous either. *Arrington* at 116. In the Appellant's case, unlike in *Arrington* where this factor did not weigh in favor of a finding of egregious harm, the State argued that the Complainant's testimony was enough to convict and emphasized her specific testimony regarding abuse when she was

9

"five or six years old" which was many years outside of the period that would permit conviction (V R.R. at 42-43).

This is exacerbated by the fact that in the Appellant's case neither side nor the Court ever informed the jury that no conviction could be based on abuse that the jury did not believe occurred after September 1, 2007, and neither directly applied to the law to the facts of the case. Instead the jury was only instructed that the offenses only had to have occurred before the indictment. This factor weighs in favor of a finding of egregious harm and should have been meaningfully considered by the Appellate Court.

(4) any other relevant information

As in *Arrington*, in the Appellant's case there was a large amount of extraneous offense evidence offered by the Complainant during her testimony that did not refer to the allegations in the indictment and some impermissible testimony about extraneousness to other family members. This only served to further confuse the jury when they were not improperly instructed. There was no information that would have kept the jurors from feeling certain that they were rightly executing their oaths by reaching the below impermissible non-unanimous verdicts.

These three application paragraphs would have authorized guilty verdicts in the following scenarios, none of them in violation of the continuous sexual abuse statute:

- That Appellant was guilty even if the jury did not agree unanimously that the State proved beyond a reasonable doubt that Appellant, during a period that is 30 days or more in duration, committed two or more of the acts of sexual abuse alleged in the indictment.

10

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that the Appellant was over 17 years of age at the time that he touched K.W.'s genitals;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that the Appellant was over 17 years of age at the time that the Appellant caused K.W. to touch his genitals;

- That Appellant was guilty even if the jury believed that the State proved beyond a reasonable doubt that Appellant touched the genitals of K.W. twice but did not believe beyond a reasonable doubt that it was during a period 30 or more days in duration;

- That Appellant was guilty even if the jury believed that the State proved beyond a reasonable doubt that Appellant caused K.W. to touch his genitals twice but did not believe beyond a reasonable doubt that it was during a period 30 or more days in duration;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved that Appellant touched the genitals of K.W. once and caused K.W. to touch his genitals once but did not believe beyond a reasonable doubt that it was during a period 30 or more day in duration;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that K.W. was the person against whom Appellant committed the acts of sexual abuse;

11

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that two acts of sexual abuse happened in Liberty County, Texas;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that whoever the complainant was the complainant was not under 14 at the time of both instances of sexual abuse;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that (regardless of who the complainant was) that the Appellant was over 17 years of age at the time of both instances of sexual abuse;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt either of the acts of sexual abuse specifically alleged in the indictment and instead found some other "two or more acts of sexual abuse," thereby allowing the jury to base its guilty verdict on the extraneous offenses of sexual abuse offered by the State rather than testimony regarding the indicted offense;

- That Appellant was guilty even if the jury did not unanimously believe that the State proved beyond a reasonable doubt that both of the acts of sexual abuse specifically alleged in the indictment occurred after September 1, 2007 and while K.W. was under 14 years of age; and

12

- Countless permutations of the above verdicts made by each member of a non-unanimous jury.

This factor, and all of the above factors, weigh heavily in favor of a finding of egregious harm and should have been meaningfully considered by the Appellate Court in the Appellant's case as they were by the Appellate Court in the *Arrington* case.

## PRAYER

For the reasons stated above, the Appellant asks this Court to grant his petition, reverse the judgment of the Court of Appeals and remand to that court with the instruction to conduct a harm analysis.

Respectfully submitted,

**CHIP B. LEWIS**
TBN 00791107
Alicia Devoy O'Neill
TBN 24040801
1207 South Shepherd
Houston, Texas 77019
Phone: (713) 523-7878
Fax: (713) 523-7887
Email: chipblewis@aol.com

13

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 19, 2014:

1)      the original of the foregoing Appellant's Petition for Discretionary Review was electronically filed and the original and eleven (11) copies were filed with the Clerk of the Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711, by placing such documents in the United States Mail, addressed as indicated;

2)      a true and correct copy of the foregoing petition was delivered to the appellate division of the Liberty County District Attorney's Office by placing such documents in the United States Mail addressed to 1923 Sam Houston, Suite 112, Liberty, Texas 77575;

3)      a true and correct copy of the foregoing petition was served on the State Prosecuting Attorney, by mailing a copy of the petition to the State Prosecuting Attorney.

_____
**Chip B. Lewis**

14

# APPENDIX

Texas Criminal Pattern Jury Charge; Continuous Sexual Abuse of a Child……………............A1

*Jimmy Don Casey v. State*………………………………………………………...............……A2

15

# TEXAS CRIMINAL
# PATTERN JURY CHARGES

## Crimes against Persons

Prepared by the

COMMITTEE

on

PATTERN JURY CHARGES—CRIMINAL

of the

STATE BAR OF TEXAS



Austin 2011

## § C7.2          Instruction—Continuous Sexual Abuse of Young Child or Children

### Accusation

The state accuses the defendant of having committed the offense of continuous sexual abuse of a young child or young children. Specifically, the accusation is that the defendant [*insert specific allegations*].

### Relevant Statutes

A person commits an offense if—

1.  during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

2.  at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years old or older and the victim is a child younger than fourteen years old.

To prove that the defendant is guilty of continuous sexual abuse of a young child or young children, the state must prove, beyond a reasonable doubt, four elements. The elements are that—

1.  the defendant committed two or more acts of sexual abuse; and

2.  these acts of sexual abuse were committed during a period that is thirty or more days in duration; and

3.  at the time of commission of each of the acts of sexual abuse the defendant was seventeen years old or older; and

4.  at the time of commission of each of the acts of sexual abuse the victim was a child younger than fourteen years old.

*[Modify the following language as needed if other acts of sexual abuse as provided for in Texas Penal Code section 21.02(c) are alleged.]*

Indecency with a child is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

1.  the defendant engaged in sexual contact with another person by—

    a.  any touching of the anus or any part of the genitals of the person; or

146

2.

3.

desire

Burgl

doubt, th

1.

2.

3.

intent

assaul

Burde

The st

sexual at

Defini

*Intent*

A pers

consciou

Appli

You m

four elem

1.

about |

allegec

*langua

Penal*

contac

state p

that—

    b.   any touching of any part of the body of the person with the anus, breast, or any part of the genitals of the defendant; and

2.   the other person was a child younger than seventeen years old; and

3.   the defendant did this with the intent to arouse or gratify the sexual desire of any person.

Burglary is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

1.   the defendant entered a habitation; and

2.   the owner did not effectively consent; and

3.   the defendant had the intent to commit aggravated kidnapping, with the intent to violate or abuse the victim sexually; indecency with a child; sexual assault; or aggravated sexual assault.

## Burden of Proof

The state must prove, beyond a reasonable doubt, the accusation of continuous sexual abuse of a young child or young children.

## Definitions

### Intent to Arouse or Gratify Sexual Desire

A person acts with intent to arouse or gratify sexual desire if it is the person's conscious objective or desire to gratify sexual desire.

## Application of Law to Facts

You must determine whether the state has proved, beyond a reasonable doubt, four elements. The elements are that—

1.   the defendant, in [county] County, Texas, during a period between on or about [date] and on or about [date], committed two or more of the following alleged acts of sexual abuse: [insert detailed allegations; modify the following language as needed if other acts of sexual abuse as provided for in Texas Penal Code section 21.02(c) are alleged].

The first alleged act of sexual abuse is that defendant engaged in sexual contact with another person. Sexual conduct is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

    a.   the defendant engaged in sexual contact with another person by—

(1) any touching of the anus or any part of the genitals of the person; or

(2) any touching of any part of the body of the person with the anus, breast, or any part of the genitals of the defendant; and

b. the other person was a child younger than seventeen years old; and

c. the defendant did this with the intent to arouse or gratify the sexual desire of any person.

The second alleged act of sexual abuse is that the defendant committed burglary. Burglary is an act of sexual abuse if the state proves, beyond a reasonable doubt, three elements. The elements are that—

a. the defendant entered a habitation; and

b. the owner did not effectively consent; and

c. the defendant had the intent to commit aggravated kidnapping, with the intent to violate or abuse the victim sexually; indecency with a child; sexual assault; or aggravated sexual assault; and

2. these acts were committed during a period that was thirty or more days in duration; and

3. at the time of commission of each of the acts of sexual abuse the defendant was seventeen years old or older; and

4. at the time of commission of each of the acts of sexual abuse the victim was a child younger than fourteen years old.

You must all agree on elements 1, 2, 3, and 4 listed above.

With regard to element 1, you need not all agree on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. You must, however, all agree that the defendant committed two or more acts of sexual abuse.

With regard to element 2, you must all agree that at least thirty days passed between the first and last acts of sexual abuse committed by the defendant.

If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, and 4 listed above, you must find the defendant "not guilty."

*[Select one of the following.]*

If you all agree the state has proved, beyond a reasonable doubt, each of the four elements listed above, you must find the defendant "guilty."

*[or]*

If you all agree the state has proved, beyond a reasonable doubt, each of the four elements listed above, you must next consider whether the defense of minimal age difference applies.

### Minimal Age Difference

You have heard evidence that, when the defendant [*insert specific conduct constituting offense*], he was of a minimal age difference from [*name*].

### Relevant Statutes

A person's conduct that would otherwise constitute the offense of indecency with a child is not an offense if—

1.  the person was not more than five years older than—

    a.  the child, if the offense is alleged to have been committed against only one child; or

    b.  the youngest child, if the offense is alleged to have been committed against more than one child; and

2.  the person did not use duress, force, or a threat against the child at the time of the commission of any of the acts of sexual abuse alleged.

### Burden of Proof

The burden is on the defendant to prove, by a preponderance of the evidence, that the affirmative defense of minimal age difference applies.

### Definitions

*Preponderance of the Evidence*

The term "preponderance of the evidence" means the greater weight and degree of the credible evidence.

### Application of Law to Facts

If you have found that the state has proved the offense beyond a reasonable doubt, you must next decide whether the defendant has proved, by a preponderance of the evidence, that his conduct was covered by the affirmative defense of minimal age difference.

To decide this issue, you must determine whether the defendant has proved, by a preponderance of the evidence, two elements. The elements are that—

1.    the defendant was not more than five years older than [*name*]; and

2.    the defendant did not use duress, force, or a threat against [*name*] at the time of the offense.

If you all agree the defendant has proved, by a preponderance of the evidence, both of the two elements listed above, you must find the defendant "not guilty."

If you all agree the state has proved, beyond a reasonable doubt, each of the elements of the offense of continuous sexual abuse of a young child or young children, and you all agree the defendant has not proved, by a preponderance of the evidence, both elements 1 and 2 listed above, you must find the defendant "guilty."

*[See chapter 2 for verdict instruction.]*

## COMMENT

**Duration of Period of Crime.**    Perhaps the major ambiguity in the statute is the meaning of the requirement that two or more acts of sexual abuse be committed "during a period that is 30 or more days in duration." Tex. Penal Code § 21.02(b)(1).

The California statute requires three or more acts "over a period of time, not less than three months in duration." Cal. Penal Code § 288.5(a). The California pattern jury instructions tell juries that this means the prosecution must prove that "[t]hree or more months passed between the first and last acts." This has been judicially approved: "[T]he prosecution need not prove the exact dates of the predicate sexual offenses in order to satisfy the three-month element. Rather, it must adduce sufficient evidence to support a reasonable inference that at least three months elapsed between the first and last sexual acts." *People v. Mejia*, 65 Cal. Rptr. 3d 776, 785 (Cal. Ct. App. 2007).

At least one Texas court appears to have assumed that the Texas statutory language has a similar meaning. In *Williams v. State*, 305 S.W.3d 886, 889 (Tex. App.—Texarkana 2010, no pet.), the court assumed that the statute requires proof of the commission of two or more acts of sexual abuse "over a span of thirty days or more." The jury instruction in this case included the following:

[I]n order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration beginning on or after September 1, 2007, through on or about January 30, 2008, committed two or more acts of sexual abuse.

*Williams*, 305 S.W.3d at 892.

With regard to pleading requirements, the only litigation of any significance seems to be *State v. Espinoza*, No. 05-09-01260-CR, 2010 WL 2598982, at *8 (Tex. App.—Dallas Aug. 25, 2010, pet. ref'd) (not designated for publication), upholding an indictment described as alleging that "on or about and between" January 1 and August 24, 2008, Espinoza did—

> during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against [A.E.], a child younger than 14 years of age, hereinafter called complainant, namely by the contact and penetration of the complainant's female sexual organ by the defendant's sexual organ, and by the contact between defendant's hand and complainant's genitals with the intent to arouse and gratify the sexual desire of defendant, and by contact between the hand of the complainant and the genitals of the defendant with the intent to arouse and gratify the sexual desire of the defendant, and by the penetration of the complainant's female sexual organ by the defendant's finger, and by the contact and penetration of the complainant's anus by the defendant's sexual organ, and by the contact and penetration of the complainant's female sexual organ by the defendant's mouth.

Specifically, the court held the indictment provided sufficient notice despite the state's failure to allege dates for specific acts of sexual abuse. *Espinoza*, 2010 WL 2598982, at *9.

**Definition of "Act of Sexual Abuse."** Texas Penal Code section 21.02 provides in part:

> (c)    For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:
>
> . . . .
>
> (2)    indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child . . . .

Tex. Penal Code § 21.02(c)(2). This definition is that of indecency with a child under section 21.11(a)(1), omitting those portions that provide for it to be committed "by touching, including touching through clothing, the breast of a child." Tex. Penal Code § 21.02(c)(2).

**Sexual Abuse by Burglary.** Regarding sexual abuse by burglary, the statute leaves a number of matters unclear. Section 21.02 provides in part:

> (c)    For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:

. . . .

> (5)    burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)–(4) . . . .

Tex. Penal Code § 21.02(c)(5). Does this mean that burglary by entering and committing an offense or by remaining concealed cannot constitute an act of sexual abuse? If the offense the defendant intended to commit is one that under Penal Code section 30.02(d), subdivisions (1)–(4), has additional requirements, do those apply? For example, must an aggravated kidnapping intended by the defendant be one that the defendant intends to involve violation or abuse of the victim sexually?

**Affirmative Defense.** As the affirmative defense of minimal age difference is defined in Penal Code section 21.02, it includes elements in addition to those reflected in the charge:

1.    The defendant must not have been required to register for life as a sex offender under chapter 62 of the Code of Criminal Procedure.

2.    The defendant must not have been a person with a reportable conviction or adjudication under chapter 62 of the Code of Criminal Procedure for an offense under Penal Code section 21.02 or the acts described in section 21.02(c).

The Committee believed that generally there would be no dispute about whether the evidence showed these matters. Thus they could generally be resolved by the trial judge as a matter of law. This avoids the need for the very complex charge that would be required for submission of those matters to the jury.

A very unusual case could arise in which the trial judge determines that the evidence clearly fails to show one or more of these elements of the affirmative defense but the defendant nevertheless seeks jury submission of the defense. The Committee did not address whether, under those circumstances, the defendant would be entitled to jury submission under a charge requiring the defendant to prove the contested elements. *See* Tex. Penal Code § 2.04(c) (affirmative defense is to be submitted to the jury if "evidence is admitted supporting the defense").

Note that the age element of the affirmative defense of minimal age difference in Penal Code section 21.02(g) is five years, whereas the age difference in the parallel defense in section 21.11(b) is three years, and the elements concerning registration under chapter 62 of the Code of Criminal Procedure vary slightly as well. See section C7.7 below for the elements of the defense based on Penal Code section 21.11(b).



---

NO. 09-13-00367-CR

---

JIMMY DON CASEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR29444

---

## MEMORANDUM OPINION

A jury convicted appellant Jimmy Don Casey of continuous sexual abuse of a child and assessed punishment at thirty years of confinement and a $10,000 fine. In three appellate issues, Casey challenges the sufficiency of the evidence, the trial court's decision not to grant a mistrial after the jury heard testimony that allegedly violated the motion *in limine,* and the application language contained in the jury charge. We affirm the trial court's judgment of conviction.

1

A2

## THE EVIDENCE

Officer Charles Braxton Morton testified that when he was working with the Liberty County Sheriff's Department, Officer Michael Strait of the Liberty County Sheriff's Office referred a sexual assault case to him. Morton gathered information from the primary report and began contacting witnesses, "contacting the victims," and "began setting up interviews with them . . . ." Morton also "gave them directions on what they needed to do, the victims needed to do in terms of getting" examined by a sexual assault examination nurse. Morton testified that he spoke with the victim, K.W., as well as K.W.'s mother, R.W., and other individuals. Morton explained that he was investigating Casey, who was K.W.'s stepfather. Morton explained that no physical evidence existed because "[t]he events that . . . occurred had happened some time before."

After K.W.'s outcry, a forensic nurse examined K.W. The nurse testified that she is certified as a sexual assault nurse examiner for both pediatric and adult patients. As part of her examination, the nurse took K.W.'s history, during which she recorded K.W.'s birthdate as June 7, 1995, and K.W. disclosed to the nurse that Casey had been molesting her for thirteen years. K.W. told her that Casey inserted his fingers into her female sexual organ, inserted his tongue into her mouth, thrust his sexual organ on her clothed body in a repetitive fashion,

2

ejaculated while touching her female sexual organ, grabbed her hand and placed it on his penis, and touched her breasts and buttocks. K.W. reported to the nurse that the last time Casey sexually abused her was five months before the examination. The nurse explained that her impression of K.W. was sexual assault by patient history. The trial court admitted a partially redacted version of the nurse's report into evidence, which still contained K.W.'s birthdate.

R.W., the mother of K.W., testified that Casey is her former husband. When the prosecutor asked R.W. why she left Casey, she testified, "Because he molested my kids." Defense counsel objected that the testimony was hearsay and "inadmissible under the rules of the Code of Criminal Procedure" and also moved for a mistrial and requested a limiting instruction. The trial court sustained counsel's objection and instructed the jury to "please totally disregard the comment of the witness[,]" but denied the motion for mistrial. R.W. testified that she and Casey lived in three different homes during their marriage. According to R.W., their first house was brown, and they were living there in approximately 1999, when K.W. was three or four years old. R.W. also testified that the family moved from the brown house to a white house on the same street approximately one to two years later.

3

K.W., who was eighteen years old at the time of the trial, testified that Casey is her former stepfather. K.W. testified that R.W. and Casey were married for approximately thirteen years. K.W. testified that she lived in the same home with Casey since she was about two years old. According to K.W., the family resided in a brown house, a white house, and a yellow house. K.W. testified that the family moved into the brown house when she was two or three years old, and she was in kindergarten when the family moved into the white house. K.W. further testified that the family moved into the yellow house in 2004.

In 2011, K.W. told her fiancé and her sister that Casey had been molesting her, and her family contacted the authorities. When asked what she meant when she used the term "molested," K.W. testified that Casey would massage her inner legs and touch her sexual organ while touching his sexual organ. K.W. explained that this began when she "was little[,]" occurred on many occasions, and had been happening for as long as she could remember. K.W. described incidents when she was riding on a jet ski and a four-wheeler with Casey and he touched her sexual organ. K.W. testified that the incident on the jet ski occurred on March 13, 2008, which is also the date on the photograph admitted as State's Exhibit 11.

According to K.W., when the family resided at the white house, Casey took her out of the shower and looked at her sexual organ. K.W. testified that when the

4

shower incident occurred, she was approximately eight years old. K.W. described an incident at the white house when she awakened in the middle of the night and Casey was touching her sexual organ. K.W. explained that the incidents with Casey happened "[s]ometimes every other day and sometimes weekly[]" and occurred over a period greater than a month. According to K.W., Casey thrust his sexual organ against her clothed body, and Casey penetrated her sexual organ with his finger on one occasion when she was fourteen. The State rested at the conclusion of K.W.'s testimony.

## ISSUE ONE

In his first issue, Casey contends the evidence was legally insufficient to support his conviction for continuous sexual abuse of a child. When evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 894-95; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the jury's

5

responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. We may not substitute our judgment for that of the fact finder concerning the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

The indictment alleged that Casey committed the offense of continuous sexual abuse of a child, K.W., who was younger than fourteen years of age. A person commits the offense of continuous sexual abuse of a child[1] if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and .

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b) (West Supp. 2014).

Section 21.02 of the Penal Code defines "act of sexual abuse" as, among other things, indecency with a child (other than by touching the child's breasts) and sexual assault. Tex. Penal Code Ann. § 21.02(c) (West Supp. 2014). A person

---

[1] The statute that created the offense of continuous sexual abuse of a child became effective on September 1, 2007, and the statute does not apply to acts of sexual abuse committed before its effective date. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148 (current version at Tex. Penal Code Ann. § 21.02 (West Supp. 2014)).

commits the offense of indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact or, with intent to arouse or gratify the sexual desire of any person, exposes his anus or any part of his genitals knowing the child is present or causes the child to expose the child's anus or any part of her genitals. Tex. Penal Code Ann. § 21.11 (West 2011). A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. *Id.* § 22.011(a)(2)(A) (West 2011).

As discussed above, evidence indicating that K.W.'s birthday is June 7, 1995, was before the jury. According to K.W., Casey began molesting her when she "was little[,]" and the abuse had been occurring for as long as she could remember. K.W. testified that Casey touched her sexual organ while she was riding on a jet ski with him on March 13, 2008. K.W.'s thirteenth birthday was June 7, 2008, so K.W. was twelve when Casey touched her sexual organ on the jet ski. In addition, K.W. explained that the abuse occurred "[s]ometimes every other day and sometimes weekly[]" and occurred over a period greater than a month. According to the forensic nurse that examined K.W., K.W. disclosed to her that Casey had been molesting her for thirteen years.

7

It was the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Hooper*, 214 S.W.3d at 13. Although some of the events K.W. described occurred before September 1, 2007, the effective date of the continuous sexual abuse of a child statute, the jury could reasonably infer that at least two acts of abuse occurred after that date. *See Williams v. State*, 305 S.W.3d 886, 890 & n.7 (Tex. App.—Texarkana 2010, no pet.) (Inability of child victims to articulate specific times when abuse occurred is "[a]rguably . . . precisely the kind of situation the Legislature considered when enacting Section 21.02 of the Texas Penal Code."). The jury had before it evidence that Casey touched K.W.'s sexual organ on March 13, 2008, when she was twelve years old, as well as K.W.'s testimony that the abuse had been going on for many years and had occurred as recently as five months prior to her outcry and examination by the forensic nurse. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found the essential elements of the offense of continuous sexual abuse of a child beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 912; *Hooper*, 214 S.W.3d at 13. Accordingly, we overrule Casey's first issue.

# ISSUE TWO

In his second issue, Casey argues that the trial court erred by failing to grant his motion for mistrial when R.W. testified that she divorced Casey "[b]ecause he molested my kids." As discussed above, when Casey's counsel objected to the testimony on grounds that it was hearsay and inadmissible under the Texas Code of Criminal Procedure, he moved for a mistrial and requested a limiting instruction. The trial court sustained the objection and instructed the jury to totally disregard R.W.'s comment, but denied the motion for mistrial.

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Mistrial is appropriate for a narrow class of "highly prejudicial and incurable errors[,]" and may be granted when the court is "faced with error so prejudicial that 'expenditure of further time and expense would be wasteful and futile.'" *Id.* (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). Instructing the jury to disregard will generally cure error associated with testimony referring to an extraneous offense. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *Campos v. State*, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979). When, as here, a trial court instructs a jury to disregard certain testimony, we generally presume that the jury followed the trial court's instructions. *Ladd v. State*, 3

S.W.3d 547, 567 (Tex. Crim. App. 1999). In addition, we note that Casey did not object to two instances during Officer Morton's testimony when Morton referred to "victims" rather than "victim." *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial.).

The trial court sustained Casey's objection to R.W.'s testimony and immediately instructed the jury to disregard it. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial. *See Simpson*, 119 S.W.3d at 272; *Kemp*, 846 S.W.2d at 308; *Campos*, 589 S.W.2d at 428; *see also Leday*, 983 S.W.2d at 718; *Duncan*, 95 S.W.3d at 669. We overrule issue two.

## ISSUE THREE

In his third issue, Casey argues that he was egregiously harmed by the alleged error in the application paragraphs of the trial court's charge to the jury. Specifically, Casey complains that it failed to include the unanimity language "required by the continuous sexual abuse statute." The unanimity requirement states as follows:

> [M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the

10

exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d). Casey asserts that the first and second paragraph of the application portion of the charge "failed to include the 30 or more days in duration element," and the third paragraph does not "contain any language relating back to either of the first two paragraphs."

The charge defined the offenses of continuous sexual abuse of a child, indecency with a child by contact, and indecency with a child by exposure. The paragraph that defined continuous sexual abuse of a child explained that "[a] person commits an offense if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . . and, at the time of the commission of each of the acts of sexual abuse, the person was 17 years of age or older and the victim is a child younger than 14 years of age." The charge also defined "act of sexual abuse" as "any act that is a violation of [sic] indecency with a child, if the actor committed the offense in a manner other than by touching the breast of a child, including touching through clothing." The application paragraphs of the charge provided as follows:

Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that from on or about the 1st day of December, 2007 through the 1st day of June, 2009, in Liberty County, Texas, the defendant, JIMMY DON CASEY, did

11

then and there with intent to arouse or gratify the sexual desire of the defendant and/or [K.W.] intentionally or knowingly engage in sexual contact with [K.W.] by touching the genitals of [K.W.], a child younger than 14 years of [age]; AND/OR,

If you find from the evidence beyond a reasonable doubt that from on or about the 1st day of December, 2007 through the 1st day of June, 2009, in Liberty County, Texas, the defendant, JIMMY DON CASEY, did then and there with intent to arouse or gratify the sexual desire of the defendant and/or [K.W.] intentionally or knowingly cause [K.W.], a child younger than 14 years of age, to engage in sexual contact by causing the said [K.W.] to touch the genitals of the defendant, JIMMY DON CASEY,

If you find from the evidence beyond a reasonable doubt that during a period that is thirty (30) or more days in duration, JIMMY DON CASEY[] committed two or more acts of sexual abuse, you will find the defendant guilty of Continuous Sexual Abuse of a Child, as charged in the indictment.

When reviewing alleged charge error, we must first determine whether error existed in the charge. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). When, as here, the appellant did not object to the alleged error, we will reverse only if the error is "'so egregious and created such harm'" that the defendant did not receive a fair and impartial trial. *Id.* at 26 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). We consider (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

12

As discussed above in our analysis of the legal sufficiency of the evidence, when viewing the totality of the evidence in the light most favorable to the verdict, the jury could have reasonably inferred that Casey committed at least two acts of sexual abuse between December 1, 2007, and June 1, 2009. Although K.W. provided only one concrete date when abuse occurred (March 13, 2008), the jury could have reasonably inferred based upon her testimony about the frequency of the abuse and its ongoing nature that at least two incidents occurred over a period greater than thirty days between the dates alleged in the indictment. The weight of the probative evidence is substantial. Thus, we conclude that the state of the evidence in this case weighs heavily against finding that the alleged charge error denied Casey a fair and impartial trial.

We now examine the entirety of the jury charge. *See id.* As previously discussed, the offense of continuous sexual abuse of a child requires (1) two or more acts of sexual abuse (2) during a period of thirty or more days (3) by a defendant who was at least seventeen years of age and (4) committed against a victim who is younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). The first application paragraph explicitly reminded the jury that the relevant time period is December 1, 2007, to June 1, 2009. In addition, the application paragraphs correctly instructed the jury that to convict Casey, it must

13

(1) find beyond a reasonable doubt that "from on or about the 1st day of December, 2007 through the 1st day of June, 2009," with intent to arouse or gratify the sexual desire of Casey or K.W., Casey intentionally or knowingly touched K.W.'s genitals "AND/OR[,]" (2) find beyond a reasonable doubt that "from on or about the 1st day of December, 2007 through the 1st day of June, 2009," Casey caused K.W. to engage in sexual contact by causing her to touch his genitals. Although the third paragraph was not connected with the first or second paragraphs by the use of "and/or" or another conjunction, the second paragraph ended with a comma, alerting the jury to continue on to the third paragraph. The third paragraph reminded the jury that to find Casey guilty of continuous sexual abuse of a child, it must find beyond a reasonable doubt that Casey committed two or more acts of sexual abuse over a period that is thirty or more days in duration. Viewing the charge in its entirety, we conclude that it weighs against a finding that Casey was denied a fair and impartial trial. *See Sakil*, 287 S.W.3d at 26.

Next, we review the arguments of counsel and other relevant information found in the record. *See Allen*, 253 S.W.3d at 264. At the beginning of the trial, the State read the indictment to the jury and took Casey's plea of not guilty. As previously discussed, the indictment alleged, in pertinent part, that "during a period that was 30 or more days in duration, to wit from on or about the 1st day of

14

December, 2007 through the first day of June, 2009[,]" Casey committed two or more acts of sexual abuse against K.W., a child younger than fourteen years of age, by touching her genitals "and/or" causing her to touch his genitals.

During closing arguments, the prosecutor stated, "The first question in your analysis is going to be whether or not Jimmy Don Casey committed the crime of continuous sexual abuse against a young child[,]" and he argued, "You heard from [K.W.] all the evidence you will need to render a verdict of guilty to the charge of continuous sexual abuse of a young child." The prosecutor argued that K.W. was a child when the abuse occurred and did not write on a calendar "every time she had one of these awful encounters with her stepfather." The prosecutor concluded his argument by stating, "Everything that you heard from [K.W.] is sufficient. Every piece of evidence you need to find him guilty was present in her testimony." During closing, defense counsel reminded the jury that it could request a copy of the indictment during deliberations, and he argued that the evidence did not rise to the level of finding Casey guilty beyond a reasonable doubt.

Viewing the arguments of counsel and the reading of the indictment, we conclude that they weigh against a finding that Casey was denied a fair trial. *See Allen*, 253 S.W.3d at 264. Having concluded that the state of the evidence, the totality of the charge, arguments of counsel, and other relevant information weigh

15

against a finding that Casey was denied a fair trial, we overrule issue three and affirm the trial court's judgment. *See Sakil*, 287 S.W.3d at 26.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 12, 2014
Opinion Delivered October 29, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

16

