PD-0743-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/8/2015 9:15:02 AM
Accepted 7/9/2015 3:57:01 PM
ABEL ACOSTA
CLERK

**PD-0743-15**
**PD-0744-15**

### IN THE TEXAS COURT OF CRIMINAL APPEALS

_____

# CODY BRIGHT
*APPELLANT*

vs.

# THE STATE OF TEXAS
*APPELLEE*

_____

FROM THE FIFTH COURT OF APPEALS
CAUSE NOS. 05-13-00997-CR & 05-13-00998-CR

APPEAL FROM THE 283RD JUDICIAL DISTRICT COURT OF
DALLAS COUNTY, TEXAS, CAUSE NOS. F12-239700, -977

_____

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

ABEL ACOSTA, CLERK

## **Ground for Review**

Bright argued on appeal that his trial counsel was ineffective in failing to call his girlfriend as a witness at his punishment hearing. The court of appeals analyzed, however, whether Bright's guilty plea was involuntary because counsel was ineffective in failing to call his girlfriend as a witness at the guilt phase of trial. Did the court of appeals thus ignore the issue raised and necessary to the disposition of Bright's first ground of error?

# Table of Contents

Ground for Review ........................................................................ 2

Index of Authorities .................................................................... 4

Identity of Parties and Counsel ................................................. 5

Statement Regarding Oral Argument ........................................ 6

Statement of the Case and Procedural History ....................... 7

Argument ..................................................................................... 9

    The court of appeals ignored the issue raised and necessary to the disposition of Bright's first ground of error. ......................................... 9

        I.   Bright's claim of ineffective assistance of counsel ....................... 9

        II.   The court of appeals entirely ignored Jones's first issue, instead addressing a claim never asserted ................................................ 11

Prayer ......................................................................................... 14

Certificate of Service ................................................................ 16

Certificate of Compliance .......................................................... 16

Appendix ..................................................................................... 17

# Index of Authorities

**Cases**

*Bright v. State*, No. 05-13-00997-CR, 2015 WL 2400738. (Tex. App.—Dallas 2015)................................................................................ 8, 12

*Carsner v. State*, --- S.W.3d ---, PD-0153-14, 2014 WL 4722762 (Tex. Crim. App. Sept. 24, 2014) ............................................................ 13

*Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005).............. 12

*Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012) .............. 13

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ................................................ 12

*Rivera v. State*, 123 S.W.3d 21, 32 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)............................................................................... 13

*Shanklin v. State*, 190 S.W.3d 154, 165 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd) ................................................................ 13

*Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)............. 13, 14

*Strickland v. Washington*, 466 U.S. 668, 694 (1984) ............................ 13

*Turrubiate v. State*, 399 S.W.3d 147, 156 (Tex.Crim.App.2013)........... 13

*Wright v. State*, No. 811-03, 2003 WL 22909085, at *1 (Tex. Crim. App. 2003) ................................................................................. 14

**Statutes**

TEX. PEN. CODE §22.02 .............................................................................. 7

**Rules**

TEX. R. APP. P. 47.1 ................................................................................ 13

## Identity of Parties and Counsel

For Appellant Cody Bright:

    RANDALL B. ISENBERG
        *Trial counsel of record*
    4303 North Central Expressway
    Dallas, Texas 75205

    BRUCE ANTON
    BRETT E. ORDIWAY
        *Motion for new trial and appellate counsel of record*
    SORRELS, UDASHEN & ANTON
    2311 Cedar Springs Suite 250
    Dallas, Texas 75201

For Appellee the State of Texas:

    CHRIS PRYOR
        *Trial and motion for new trial counsel of record*
    DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
    133 N. Riverside Drive
    Dallas, Texas 75027

    MICHAEL J. SANDLIN
        *Appellate counsel of record*
    DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
    133 N. Riverside Drive
    Dallas, Texas 75027

## Statement Regarding Oral Argument

The issue in this case is simple. Oral argument is not necessary to this Court's understanding, and is therefore waived.

## Statement of the Case and Procedural History

Bright's mother called 9-1-1. On the recording of the call, admitted at Bright's trial, he can be heard threatening to cut someone. (SX2). The responding officers testified that Bright's parents told them that Bright had threatened his mother and girlfriend with a knife. (RR2: 146).

Bright was charged with two counts of aggravated assault with a deadly weapon. *See* TEX. PEN. CODE §22.02(a)(2). He pleaded guilty, but, at his sentencing hearing before the court, neither of his parents testified that Bright had a knife. (RR2: 160, 180). Bright's father denied that he had threatened them at all, and, when confronted with his earlier, contrary statement to police, he testified that he did not recall writing that. (RR2: 160, 163). Bright himself admitted that he had lost his temper, but testified that he held only a spatula, not a knife. (RR2: 196). Further, though, at trial, the State averred that recordings of calls between Bright and his mother while Bright was in jail reflect "that he had scared her with the knife and that she was scared so badly she wet her pants," in fact only the latter is reflected on those recordings. (RR3: 35; SX3). Nonetheless, the court sentenced Bright in each case to eight years' imprisonment, to run concurrently. (RR2: 212).

Bright filed a motion requesting a new trial, on the grounds that: (1) his trial attorney was ineffective in failing to secure as a witness his girlfriend; (2) his trial attorney was ineffective in failing to ensure that evidence of Bright's parents' prior inconsistent statements was admitted for impeachment purposes only; and (3) the evidence was insufficient to establish that a deadly weapon was used. (CR1: 49-51; CR2: 50-52)[1]. The trial court held a hearing on the motion, at the conclusion of which it denied the motion.

On appeal to the Fifth Court of Appeals at Dallas, Bright argued his trial counsel was ineffective (1) in failing to call his girlfriend as a witness and (2) in advising him to plead guilty. *Bright v. State*, No. 05-13-00997-CR, 2015 WL 2400738. (Tex. App.—Dallas 2015). The court overruled both grounds, but modified the trial court's judgments to reflect that the trial court's deadly weapon finding was for the use of a knife, not a firearm. *Id.* at *3. No motion for rehearing was filed.

---

[1] "CR1" refers to the Clerk's Record in F1223970. "CR2" refers to the Clerk's record in trial cause no. F1223977.

8

## Argument

> The court of appeals ignored the issue raised and necessary to the disposition of Bright's first ground of error.

◆ ◆ ◆

## I. Bright's claim of ineffective assistance of counsel

Bright's girlfriend, Brandi Autry, was present in the courtroom the day he pleaded guilty. (RR3: 8). Bright's attorney "instructed" her to return on the day of the sentencing hearing. (RR3: 29). She was not subpoenaed, though, and never appeared. (RR3: 6-7, 27).

Bright filed a motion for new trial in which he complained, among other things, that his counsel was ineffective in "fail[ing] to call Brandi Autry as a witness." (CR1: 50-51; CR2: 51-52). At the hearing on the motion, Bright's trial counsel explained that, when Autry did not arrive for the sentencing hearing, he chose not to move for a continuance be-cause he "thought since we were doing *punishment* and the basis of the two cases was what [Bright's] parents were going to say." (RR3: 28) (emphasis added). Counsel explained that he would have preferred for her to be [at the punishment hearing]," and he "thought she would be [t]here," that "she was a voluntary witness." (RR3: 31). Counsel lament-

9

ed that "hindsight is a great teacher," and that he "wish[ed] that [he] had" called Autry. (RR3: 28). Autry testified that, in contrast to the seemingly violent scene indicated by the 9-1-1 recording, that Bright never touched his mother or pushed her down. (RR3: 16). The motion was nonetheless denied. (RR3: 40).

> On appeal, Bright presented as his first issue:
>
> Trial counsel is ineffective if he fails to call an available and beneficial witness. Here, Bright's trial counsel explicitly testified at the hearing on Bright's motion for a new trial that his failure to call Bright's girlfriend *at punishment* to providing mitigating testimony was not strategic, and that he "wish[ed] that [he] had." Was Bright's trial counsel therefore ineffective?

(App. Br. at 2) (emphasis added). In the body of Bright's brief, he set out what Autry would have testified to at his "sentencing hearing," and argued counsel performed deficiently in failing to secure her presence. (App. Br. at 14-15). Additionally, Bright argued counsel's failure was prejudicial because if Autry "had been called *at punishment*... she would have testified that Bright never touched his mother or pushed her down... minimizing the scope of the alleged assault[,]... provid[ing] mitigating evidence[,] and advanc[ing] his defense." (App. Br. at 15-16).

10

The State understood Bright's argument to pertain to counsel's failure to call Autry at punishment, arguing in its brief that Bright could not show prejudice because Bright was ultimately sentenced to eight years' imprisonment, exactly what the State offered before his sentencing hearing. (St. Br. at 18-19).

## II. The court of appeals entirely ignored Jones's first issue, instead addressing a claim never asserted

At no point was Bright's argument ever addressed. Instead, in a single paragraph, the court disposed of Bright's issue because Bright did not contend he would have pleaded not guilty had he know the substance of Autry's testimony:

> Bright complains about trial counsel's advice to plead guilty and failure to call Brandi, who would have "minimiz[ed] the scope of the alleged assaults ... provided mitigating evidence and advanced his defense." *However, Bright does not contend, and no evidence shows, he would have insisted on going to trial if he had known his parents and Brandi would deny the use of a knife.* Bright did not testify at the hearing on the motion for new trial, and the only testimony regarding the reasoning behind the guilty pleas was that of trial counsel. Counsel's testimony showed the decision to make the pleas was influenced by his belief the trial judge would consider the facts and order probation. Moreover, when asked by the trial judge during the plea hearing if he wished to change his plea back to not guilty based on his testimony that he did not use a knife, testimony similar to that of his parents and what Brandi stated she would have said, Bright stated he did not. Viewing the record before us in the light most favor-

11

> able to the trial court's ruling, we conclude Bright has failed to demonstrate prejudice from trial counsel's conduct.

*Bright v. State*, No. 05-13-00997-CR, 2015 WL 2400738, \*2 (Tex. App.— Dallas 2015) (emphasis added).

The court of appeals thus quite plainly misunderstood Bright's argument to be that his plea was involuntary because counsel was ineffective in failing to call Autry as a witness at the *guilt* phase of trial. *See id.* ("In the context of a guilty plea, [the] second [*Strickland*] prong is satisfied by a showing that the defendant would not have pleaded guilty and would have insisted on going to trial.") (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (where petitioner alleged that counsel was ineffective for failing to advise him before pleading guilty that, as a second offender, he was required to serve one-half of his sentence before becoming eligible for parole, in order to satisfy "prejudice" requirement of standard for evaluating claims of ineffective assistance of counsel under *Strickland v. Washington* petitioner was required to show that there was reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial); *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005) (retained counsel was ineffective in limiting, for economic reasons, his investigation of

medical evidence, before advising defendant to plead guilty). For, as to Bright's actual claim, the failure to call a witness at punishment is prejudicial simply if "there is a reasonable probability that the jury's assessment of punishment in this case would have been less severe in the absence of defense counsel's deficient performance." *Shanklin v. State*, 190 S.W.3d 154, 165 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Rivera v. State*, 123 S.W.3d 21, 32 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)).

Last fall, this Court held that "Rule [of Appellate Procedure] 47.1 requires the courts of appeal to hand down a written opinion 'that addresses every issue raised and necessary to the final disposition of the appeal.'" *Carsner v. State*, 444 S.W.3d 1, 3 (Tex. Crim. App. 2014) (citing TEX. R. APP. P. 47.1; *Turrubiate v. State*, 399 S.W.3d 147, 156 (Tex. Crim. App. 2013); *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)); *see also Wright v. State*, No. 811-03, 2003 WL 22909085, *1 (Tex. Crim. App. 2003) (vacating the court of appeals's judgment and remanding where the court "conducted no analysis in its disposition of Appellant's third

13

and fourth grounds."). Indeed, "[t]his practice maintains the integrity of the system and improves appellate practice." *Sims*, 99 S.W.3d at 603. In Bright's case, though, the court of appeals ignored his first issue because it misunderstood it to be a claim it clearly was not. Accordingly, this Court should remand this case to that court to consider the correct issue.

## Prayer

Bright respectfully requests this Court to grant this petition, vacate the judgment of the court of appeals, and remand this case to the court of appeals to consider Bright's first ground of error. *Sims*, 99 S.W.3d at 603 (vacating the judgment of the court of appeals and remanding the case because the court failed to consider appellant's argument).

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

/s/ Brett Ordiway
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on July 8, 2015.


_/s/ Bruce Anton_
BRUCE ANTON


## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this petition contains 1,223 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


_/s/ Bruce Anton_
BRUCE ANTON


16

# Appendix



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00997-CR
No. 05-13-00998-CR

**CODY BRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F12-23970 and F12-23977

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Lang

Following open pleas of guilty, the trial court convicted Cody Bright of two charges of

aggravated assault with a deadly weapon. In two issues, Bright asserts his trial counsel was

ineffective in advising him to plead guilty and in failing to call his girlfriend, who was present

during the assaults, as a witness at the plea hearing. We modify the trial court's judgments and,

as modified, affirm.

### I. BACKGROUND

Bright was charged with assaulting his parents by threatening them with a knife. The

assaults, partially captured on the recording of a 9-1-1 call Bright's mother made, occurred at the

---

[1] The Honorable Justice Bill Whitehill succeeded the Honorable Kerry FitzGerald, a member of the original panel. Justice Whitehill has reviewed the briefs and record before the Court.

house of Bright's parents and were part of a string of criminal offenses with which Bright was charged in a span of about a year. As reflected in the 9-1-1 recording and statements Bright's parents made to investigating officers, the assaults occurred after Bright's mother intervened in a "confrontation" between Bright and his girlfriend, Brandi. "In a rage," Bright grabbed a kitchen knife, chased his parents and Brandi into the master bedroom, "shoved" them to the ground, threatened "to cut" his mother and Brandi, and "slammed the blade of the knife into the floor several times while making his threats."

Bright initially pleaded not guilty to the charges, but subsequently changed his pleas to guilty. Although he pleaded guilty and the State offered into evidence the 9-1-1 recording and the parents' statements, Bright and his parents denied at the plea hearing that Bright used a knife.[2] Bright also denied any pushing. Upon hearing Bright's testimony, the trial judge asked Bright if he "still wish[ed] to persist in [his] plea[s] of guilty." Bright stated he did. The trial court accepted the pleas, found Bright guilty, and assessed an eight-year sentence in each case.

Bright hired appellate counsel and filed a motion for new trial, asserting, in relevant part, that his trial counsel was ineffective. Specifically, he complained of counsel's failure to call Brandi at the plea hearing. At the hearing on the motion, Brandi testified that if called at the plea hearing, she would have testified that Bright did not use a knife. Bright also called trial counsel. Trial counsel testified he told Brandi to be at trial, and also asked Bright's parents to tell her.[3] He was surprised she did not appear, but proceeded without her because "the basis of the two cases was what [Bright's] parents were going to say." When questioned about Bright's guilty pleas, trial counsel testified he knew how Bright's parents would testify, but he also was aware of the statements the parents gave the officers, the content of the 9-1-1 recording, and the

---

[2] Bright testified that he used "a kitchen utensil . . . like a cake spatula, a spreader."

[3] In his testimony at the plea hearing, Bright's father agreed he and counsel "tried to have" Brandi at the plea hearing, and they did not know why she failed to appear.

possibility that the trial judge could find the parents not credible. The strategy was to leave Bright in jail during the pendency of the cases, and "get him treatment for anger management and drug rehabilitation."[4] He explained he based his strategy on a "perception" that the trial judge tended to lean "towards rehabilitation versus probation." Trial counsel further explained Bright had no felony convictions, and Bright "had gone a long time in his life before these incidents occurred." He observed the incidents occurred "in a very short time frame," and he "did not think they were - - the incidents and the conduct was reflective of [Bright] going through his life." Trial counsel believed, based on that and a pre-sentence evaluation report, that Bright was a good candidate for probation.[5] That report recommended that if Bright were placed on probation, he should be placed in intensive outpatient alcohol or substance abuse treatment program and anger management classes or batterer's intervention program.

Following argument, the trial court denied the motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Bright's claims of ineffective assistance of counsel center on the deadly weapon allegation, In his first issue, he asserts trial counsel was ineffective in failing to call Brandi as a witness because "[b]y minimizing the scope of the alleged assault[s], she would have provided mitigating evidence and advanced his defense." In his second issue, Bright asserts counsel was ineffective in advising him to plead guilty despite the lack of evidence showing he used a knife.

### A. Applicable Law

To prevail on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lopez*

---

[4] Although Bright's father testified that Bright did not use a knife, he also testified at the plea hearing that Bright was "very upset" and he later "drew a gun" on Bright because he was "in a panic mode." The father thought "the idea behind the charges" was "an intervention, and he and his wife decided to leave Bright in jail, instead of bailing him out, during the pendency of the cases so he could learn a lesson.

[5] Both the prosecutor and trial judge observed on the record that trial counsel argued strongly for probation in plea discussions, at the plea hearing, and "after the ruling."

*v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88; *Lopez*, 343 S.W.3d at 142. The second prong requires a showing of a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lopez*, 343 S.W.3d at 142. In the context of a guilty plea, this second prong is satisfied by a showing that the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005). The two prongs need not be analyzed in a particular order, and a defendant's failure to satisfy either prong defeats the claim. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Lopez*, 343 S.W.3d at 142.

### B. Standard of Review

When, as here, an appellant presents his ineffective assistance of counsel claim to the trial court in a motion for new trial, an appellate court analyzes the claim as a challenge to the denial of the new trial motion and reviews the trial court's ruling for abuse of discretion. *See Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). In conducting this review, the appellate court views the evidence in the light most favorable to the trial court's ruling and reverses only if the ruling was clearly erroneous and arbitrary. *Id.*

### C. Application of Law to Facts

Bright complains about trial counsel's advice to plead guilty and failure to call Brandi, who would have "minimiz[ed] the scope of the alleged assaults . . . provided mitigating evidence and advanced his defense." However, Bright does not contend, and no evidence shows, he would have insisted on going to trial if he had known his parents and Brandi would deny the use of a knife. Bright did not testify at the hearing on the motion for new trial, and the only testimony regarding the reasoning behind the guilty pleas was that of trial counsel. Counsel's testimony

–4–

showed the decision to make the pleas was influenced by his belief the trial judge would consider the facts and order probation. Moreover, when asked by the trial judge during the plea hearing if he wished to change his plea back to not guilty based on his testimony that he did not use a knife, testimony similar to that of his parents and what Brandi stated she would have said, Bright stated he did not. Viewing the record before us in the light most favorable to the trial court's ruling, we conclude Bright has failed to demonstrate prejudice from trial counsel's conduct. *See Ex parte Moody,* 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (in determining whether second prong satisfied, court considers circumstances surrounding plea and gravity of complained-of conduct); *Ex parte Murillo*, 389 S.W.3d 922, 931-32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Aside from applicant's own self-serving statement that he would have insisted his counsel take his case to trial had he known he would be deported, he presented no other evidence corroborating his position that it would have been rational to reject a plea deal under the circumstances."); *cf. Ex parte Harrington*, 310 S.W.3d 452, 459-60 (Tex. Crim. App. 2010) (applicant satisfied second prong where he testified his decision to plead guilty was based entirely on counsel's complained-of advice and trial court made findings favorable to applicant.). Accordingly, the trial court did not abuse its discretion in denying Bright's motion for new trial. *See Riley*, 378 S.W.3d at 460. We resolve Bright's two issues against him.

### III. MODIFICATION OF JUDGMENT

We note that the section in each judgment entitled "Findings on Deadly Weapon" incorrectly recites "YES, A FIREARM." An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the deadly weapon finding section in each judgment to show "YES, A KNIFE."

## IV. CONCLUSION

As modified, we affirm the trial court's judgments.


/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

130997F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CODY BRIGHT, Appellant

No. 05-13-00997-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-23970.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the section of the trial court's judgment entitled "Findings on Deadly Weapon" to reflect "**YES, A KNIFE**" instead of "**YES, A FIREARM**."

As **MODIFIED**, we **AFFIRM** the judgment.

Judgment entered this 19th day of May, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CODY BRIGHT, Appellant

No. 05-13-00998-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-23977.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **MODIFY** the section in the trial court's judgment entitled "Findings on Deadly Weapon" to reflect "**YES, A KNIFE**" instead of "**YES, A FIREARM**."

As **MODIFIED**, we **AFFIRM** the judgment.

Judgment entered this 19th day of May, 2015.