

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0153-14

### LAURA CARSNER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**KELLER, P.J., delivered the opinion of the unanimous Court.**

Appellant was convicted of capital murder and sentenced to life in prison without the possibility of parole. The court of appeals held that she was entitled to a new trial on the basis of newly discovered evidence. We conclude that the court of appeals neglected to analyze two prongs of the applicable four-pronged test and to address the State's arguments regarding those prongs. Consequently, we vacate the court of appeals's decision and remand the case to that court for further consideration.

# I. BACKGROUND

## A. Trial

Evidence at trial showed that appellant's mother had filed a formal complaint with Child Protective Services (CPS) regarding appellant's care for her daughter. The complaint alleged that appellant had physically abused, neglected, or could not care for her daughter due to appellant's alcoholism and heavy drinking. Appellant, in turn, informed CPS that her stepfather had molested her as a child and asked that her daughter not be placed with her mother and stepfather. At a court hearing regarding the CPS complaint, appellant discovered that some of the visits that her daughter made to her mother and stepfather were unsupervised. Appellant asked the judge not to allow any further unsupervised visitation with them, but the CPS caseworker recommended allowing unsupervised visitation.[1]

The next day, appellant armed herself with a gun and drove to her mother and stepfather's home for the asserted purpose of removing her daughter from the home. After she arrived there, she shot her mother and stepfather numerous times, resulting in their deaths. The State's theory at trial was that appellant intentionally killed her mother and stepfather. Appellant's theory was that she did not intentionally kill them but fired her gun because she was afraid they would take her gun away and because she feared for her own and her daughter's safety.

During closing argument, the State argued that appellant had not directed any claims of sexual molestation against her stepfather until after her mother had made the CPS report. The State contended that appellant's claims of sexual molestation should be viewed with skepticism, but that,

---

[1] From our review of the court of appeals's opinion, the parties' briefs, and the record references supplied in the briefs, we are unable to ascertain the outcome of the hearing that day. We need not consider the matter further because it does not affect our disposition of the case.

even if she had been abused, she was still not entitled to commit murder. The jury found appellant guilty of capital murder, and she was sentenced to life without the possibility of parole.

## B. Motion for New Trial

At a hearing on the motion for new trial, appellant presented the testimony of Henry O'Hara. O'Hara had dated appellant thirty years earlier. After appellant was sentenced, O'Hara read a newspaper article regarding her conviction that indicated that the prosecutor had persuaded the jury that appellant's assertion of childhood sexual abuse was recently fabricated. O'Hara testified that, while he was dating appellant, appellant had told him that her stepfather or grandfather had sexually molested her. He also testified to some of the details of the abuse conveyed by appellant and appellant's feelings as a result of this abuse.

Appellant testified that she did not remember informing O'Hara of the sexual abuse. She sought a new trial on the basis that O'Hara's testimony was newly discovered evidence.

In order for a defendant to be entitled to a new trial on the basis of newly discovered or newly available evidence, the following four-pronged test must be satisfied:

(1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;

(2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;

(3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and

(4) the new evidence is probably true and will probably bring about a different result in a new trial.[2]

---

[2] *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Keeter v. State*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002).

The trial court held that the first two prongs had been met but that the third prong had not. The trial court explicitly refrained from addressing the fourth prong. Because it held that the third prong of the test had not been met, the trial court denied the motion for new trial.

### C. Appeal

In its brief on appeal, the State argued that none of the four prongs of the test had been satisfied. The State argued that the evidence was not newly discovered under prong one because appellant was the source of the evidence. The State argued that due diligence had not been established under prong two because evidence that appellant had confided about sexual abuse to friends, family members, and significant others placed the defense on notice that she might have confided to O'Hara, a former boyfriend. The State argued that prong three was not met because O'Hara's testimony was merely cumulative or corroborative of testimony that could have been provided by appellant herself. And the State argued that the fourth prong was not met because the new evidence was not probably true and, even if true, would not have made a difference in light of overwhelming evidence of appellant's guilt.

The court of appeals's only comment regarding the first two prongs of the four-pronged test was the observation that the trial court found those prongs in appellant's favor:

> As to the first two *Keeter* prongs, the trial court found that O'Hara's testimony was newly discovered evidence, unknown or unavailable to Appellant at the time of trial and that her failure to discover or obtain the evidence was not due to a lack of diligence. *Keeter*, 74 S.W.3d at 36-37. The trial court found that Appellant had not satisfied the third *Keeter* prong, refrained from addressing the fourth *Keeter* prong, and denied Appellant's motion for new trial. TEX. CODE CRIM. PROC. ANN. art. 40.001; *Keeter*, 74 S.W.3d at 36-37.[3]

The court of appeals then addressed the third and fourth prongs, and after analysis, concluded that

---

[3] *Carsner v. State*, 415 S.W.3d 507, 512 (Tex. App.–El Paso 2013).

those prongs had been satisfied.[4] The court concluded, "Because the four *Keeter* prongs have been met, the trial court was required to grant . . . a new trial."[5]

### D. Discretionary Review

In its first ground for review, the State complains that the court of appeals erred in failing to address whether the evidence was newly discovered.[6] During its discussion of this ground in its petition, the State observed that the court of appeals "held, without any legal analysis as to whether the trial court was correct in its legal conclusions, that Carsner had satisfied the first two *Keeter* prongs." The State also argued that the evidence was not, in fact, newly discovered. The State's second and third grounds for review dispute aspects of the court of appeals's analysis of the fourth prong of the test.[7]

### II. ANALYSIS

Rule 47.1 requires the court of appeals to hand down a written opinion "that addresses every

---

[4] *Id.* at 512-14.

[5] *Id.* at 514.

[6] Ground one states: "The Eighth Court erred by failing to address whether O'Hara's testimony was not newly discovered, an issue raised and necessary to the determination of whether the trial court correctly denied the motion for new trial."

[7] Ground two states: "The Eighth Court erred by conflating motive with intent and thereby implicitly and erroneously recognizing a diminished-capacity or non-recognized, non-statutory justification defense when it held that evidence of Carsner's reason for initially going to her parents' house with a gun would have authorized the jury to find that she acted recklessly or without criminal intent when she pumped 12 bullets into her parents and therefore would probably bring about a different result in a new trial." Ground three states: "The Eighth Court erred in failing to consider the State's evidence when it determined that Carsner's new evidence would probably bring about a different result in a new trial."

issue raised and necessary to the final disposition of the appeal."[8]  We have also said, "As a general proposition, reviewing courts ought to mention a party's number one argument and explain why it does not have the persuasive force that the party thinks it does."[9]

The court of appeals failed to analyze two of the four prongs that must be satisfied for the new-trial claim at issue.  The State argued in its brief before the court of appeals that those two prongs had not been met.  The court of appeals failed to address every issue necessary to the disposition of the appeal.

We vacate the judgment of the court of appeals and remand the case to that court for further proceedings.[10]

Delivered: September 24, 2014
Publish

---

[8]  TEX. R. APP. P. 47.1; *Turrubiate v. State*, 399 S.W.3d 147, 156 (Tex. Crim. App. 2013); *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012).

[9]  *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

[10]  The State's second and third grounds for review are dismissed without prejudice.