**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00606-CR

———————————

**WILLIAM DELACRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1370103**

---

## MEMORANDUM OPINION

Appellant, William Delacruz, was charged by indictment with aggravated assault.[1] Appellant pleaded not guilty. The jury found him guilty, and assessed punishment at four years' confinement. In two issues, Appellant argues the trial

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2014), § 22.02(a)(1) (Vernon 2011).

court abused its discretion by (1) excluding evidence of prior charges brought against the complainant and (2) denying his motion for new trial based on newly discovered evidence.

We affirm.

## Background

Appellant, R. Tollette, and A. Ortiz were in Appellant's car on November 25, 2012. Ortiz was in the back seat along with Appellant's uniform and firearm for Appellant's job as a security officer. Ortiz has a mental disability and had never been exposed to guns before that time. He picked up the gun, removed it from its holster, and accidentally fired the gun. The bullet went through the front passenger seat and hit Appellant. Ortiz dropped the weapon and said he was sorry. Appellant turned around, grabbed the gun, and shot Ortiz. The bullet hitting Ortiz shattered his vertebrae, permanently paralyzing his legs.

During the trial, Tollette described Ortiz as someone who would never intentionally harm anyone. During Appellant's cross-examination of Ortiz's mother, Appellant attempted to introduce evidence showing that Ortiz had previously been charged with various offenses, all but one of which had been dismissed. The trial court excluded the evidence.

After the trial, Appellant filed a motion for new trial. In it, Appellant's counsel alleged that, after trial, he learned for the first time that Appellant had

psychiatric problems for which Appellant had been hospitalized in 2011. Based on this and some outbursts by Appellant during the trial, Appellant's counsel suggested that Appellant may not have been competent to stand trial. The trial court denied the motion.

## Excluded Evidence

In his first issue, Appellant argues the trial court abused its discretion by excluding evidence of prior charges brought against the complainant.

### A. Standard of Review

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). In determining whether the trial court abused its discretion, we consider whether the court acted without reference to guiding rules and principles—that is, whether the court acted arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). We must uphold the trial court's ruling so long as it is "within the zone of reasonable disagreement." *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

### B. Analysis

During his cross-examination of Ortiz's mother, Appellant sought to introduce evidence showing that Ortiz had previously been charged with various offenses. The State objected. Appellant argued that, while the evidence may be

generally inadmissible, the State opened the door about Ortiz's character with Tollette's testimony describing Ortiz as someone who would never intentionally harm anyone. The trial court excluded Appellant's proffered evidence. Appellant later made an offer of proof of the charges brought against Ortiz.

"Evidence that is otherwise inadmissible may become admissible when a party opens the door to such evidence." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). "A party opens the door by leaving a false impression with the jury that invites the other side to respond." *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). Proof that the opposing party "opened the door" to such evidence, however, does not establish an absolute right to introduce contrary evidence. *See id.* Instead, the trial court "still has the discretion to exclude the evidence under Rule 403." *Id.* Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

Even assuming Tollette opened the door to rebuttal evidence by describing Ortiz as someone who would never intentionally hurt another person, we hold the trial court still had the discretion to exclude the proffered evidence under Rule 403. Appellant's bill of review is a sheet identifying fourteen charges brought against

4

Ortiz from 2002 to 2013. All but one of the charges were dismissed. The one charge that had not been dismissed was for criminal trespass. Of the dismissed charges, only one included proof of any aggression or violent acts: assault of a family member, first offense. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (Vernon Supp. 2014); TEX. FAM. CODE ANN. § 71.0021(b) (Vernon 2014).

The claim that Appellant was attempting to rebut was that Ortiz would never intentionally harm someone. This necessarily limits the rebuttal evidence to proof that Appellant has intentionally harmed or attempted to harm someone. *See Rowshan v. State*, 445 S.W.3d 294, 299–300 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) ("A defendant who 'opens the door' to otherwise inadmissible evidence risks having that evidence admitted and used against him, provided the party offering the evidence does not stray beyond the scope of the invitation." (Internal quotations omitted)). Accordingly, only one of the charged offenses—the offense of assault—is potentially relevant to the claim Appellant sought to rebut. That offense was dismissed, however.

There is no indication in the record that Ortiz's mother had any specific knowledge of the events giving rise to Ortiz being charged with assault. We must conclude, then, that Appellant was relying on the simple fact that Ortiz had been charged with this offense to rebut Tollette's testimony. Even assuming this has some probative value, evidence of prior bad acts can also be prejudicial.

5

*Montgomery*, 810 S.W.2d at 388–89.  Appellant presents no argument for how the trial court abused its discretion by determining that any probative value of the dismissed offense was outweighed by its prejudicial effect, and we have found none.

We overrule Appellant's first issue.

## Motion for New Trial

In his second issue, Appellant argues that the trial court abused its discretion by denying his motion for new trial based on newly discovered evidence concerning his competence to stand trial.

### A.    Standard of Review

We review a trial court's denial of a motion for new trial for an abuse of discretion.  *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement.  *Id.*  A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.  *Id.*  We do not substitute our judgment for that of the trial court.  *Id.*

### B.    Analysis

In a motion for new trial based on newly discovered evidence, the defendant must satisfy the following elements:

(1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial.

*Carsner v. State*, 444 S.W.3d 1, 2–3 (Tex. Crim. App. 2014).

Appellant's new-trial evidence consists of his claims that (1) he exhibited outbursts at trial, (2) he had been hospitalized in 2011 for psychiatric problems, and (3) his attorney was not aware of his psychiatric trouble and had no basis to think his psychiatric history needed investigating. As he concedes, Appellant worked as a security guard during the intervening years since his psychiatric hospitalization. Appellant's evidence, then, only offers some hypothetical link between the few demonstrated outbursts he exhibited during trial and his prior psychiatric problems. From this, Appellant asked the trial court to further surmise that, not only did Appellant's condition return at the time of trial, but it worsened to such a degree as to render him incompetent to stand trial. Appellant sought this ruling despite the fact that, at the time of trial, no one considered his behavior and interactions with his attorney to indicate incompetence. We hold that this conjecture is insufficient to establish that it is "probably true" that he was incompetent to stand trial. *See id.*

7

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).