

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00352-CR

DIDIER SAHO                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY
TRIAL COURT NO. 1236650

----------

## OPINION

----------

A jury convicted Appellant Didier Saho of driving while intoxicated (DWI). The trial court sentenced him to sixty days' confinement, probated for nine months, and a $500 fine. Appellant brings a single issue on appeal, arguing that the trial court erred by denying his motion for new trial. Because the trial court did not abuse its discretion by denying the motion, we affirm the trial court's judgment.

**Brief Facts**

Officer Curtis Page saw a van change lanes, forcing another vehicle off the road. Page pulled the van over and instructed the driver, Appellant, to get out of the van. Appellant smelled of alcohol, had bloodshot eyes, and was unsteady when he got out of the van. Page testified that Appellant's speech was slurred when he responded to Page's questions. Appellant performed poorly on the field sobriety tests, and Page placed him under arrest for suspicion of DWI. In response to Page's questions about alcohol consumption, Appellant finally admitted that he had drunk one Heineken beer. At the jail, Appellant's intoxilyzer tests registered .146 and .149.

At trial, Appellant argued, among other defenses, involuntary intoxication. He described the treatment that Paul Tiogong, a "traditional practitioner" from Cameroon, gave him for a male supplement, including chewing a nut, drinking a potion, and not being able to drink water but being instructed to drink the Heineken beer instead. Appellant testified that after he left Tiogong's, he did not feel intoxicated, although he felt some stomach pain when he stopped to buy gasoline. But because he had drunk nothing but the single Heineken and the potion, he concluded that it must have been the potion that caused his intoxication.

After his conviction, Appellant filed a motion for new trial. After a hearing, the trial court denied the motion.

2

**Newly Discovered or Newly Available Evidence**

At the hearing on Appellant's motion for new trial, he presented an affidavit from Tiogong, who was in Cameroon. The State argued that the jury had heard the evidence of the nut and potion at trial and had heard that Tiogong was not available because he was in Cameroon. The State also argued that Tiogong's statements that the potion had a high concentration of alcohol were conclusory without providing any qualifications to make that conclusion and that the trial court should not take judicial notice of the intoxicating quality of odontol, an ingredient of the potion, because it was not common knowledge.

We review a trial court's denial of a motion for new trial for an abuse of discretion.[1] As the Texas Court of Criminal Appeals has recently reiterated,

> The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, "whether the trial court acted without reference to any guiding rules or principles." The mere fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of discretion. Appellate courts view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made.[2]

It is well-established law that

---

[1]*Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App.), *cert. denied*, 534 U.S. 855 (2001).

[2]*State v. Thomas*, 428 S.W.3d 99, 103–04 (Tex. Crim. App. 2014) (footnotes omitted).

for a defendant to be entitled to a new trial on the basis of newly discovered or newly available evidence, the following four-pronged test must be satisfied:

> (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;
>
> (2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;
>
> (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and
>
> (4) the new evidence is probably true and will probably bring about a different result in a new trial.[3]

Appellant was arrested and formally charged with DWI in April 2011. He went to trial on the charges in April 2014. He was aware from the date of his arrest that he was accused of being intoxicated. According to his own testimony, he was aware that he had drunk a single beer and the potion prepared by Tiogong. Tiogong was not in Cameroon on the day of Appellant's arrest. The record is silent regarding the date he returned to Cameroon.

Although Appellant secured Tiogong's affidavit for the hearing on the motion for new trial, the affidavit was hearsay.[4] The trier of fact has the option of believing or disbelieving unobjected-to hearsay and of considering or refusing to

---

[3]*Carsner v. State*, 444 S.W.3d 1, 2–3 (Tex. Crim. App. 2014).

[4]*See* Tex. R. Evid. 801(d).

4

consider unobjected-to hearsay.[5]  For the three years before his trial, Appellant was aware of Tiogong's knowledge and the fact that he could testify to the contents of the potion he had given to Appellant.  Nothing in the record suggests any impediment to Appellant's securing Tiogong's testimony by pretrial deposition pursuant to article 39.02 of the code of criminal procedure.[6]

Considering all the above, we hold that Appellant failed to sustain his burden of establishing his entitlement to a new trial based on newly discovered or newly available evidence and that the trial court therefore did not abuse its discretion by denying his motion for new trial.  We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and SUDDERTH, JJ.

PUBLISH

DELIVERED:  May 28, 2015

---

[5]*Poindexter v. State*, 153 S.W.3d 402, 406–07 (Tex. Crim. App. 2005); *see also* Tex. R. App. P. 21.7 (providing trial court may receive evidence by affidavit or otherwise at hearing on motion for new trial).

[6]*See* Tex. Code Crim. Proc. Ann. art. 39.02 (West Supp. 2014).