In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00395-CR
NO. 09-14-00396-CR
NO. 09-14-00397-CR

_____

**JAMES MICHAEL KEYSER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-12-12964 CR (Counts 1, 2, 3)**

**MEMORANDUM OPINION**

James Michael Keyser pleaded guilty to two counts of possession of a controlled substance with intent to deliver and one count of unlawful possession of a firearm by a felon. After a trial on punishment, the trial court sentenced Keyser to fifty years in prison on the possession counts and twenty years in prison for unlawful possession of a firearm, to run concurrently. In a single appellate issue,

1

Keyser challenges the denial of his motion for new trial on punishment. We affirm the trial court's judgment.

In his motion for new trial, Keyser argued that favorable new evidence had been discovered since his trial, specifically, that "he may be accepted for in-patient residential treatment at the Cenikor Residential Treatment Center in Houston, Texas." He argued that he suffers from chronic drug use and needs treatment, but that the trial court's sentence was excessive and violated the Eighth Amendment of the United States Constitution. The trial court denied the motion.

We review the trial court's denial of a motion for new trial for abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). To be entitled to a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence was unknown or unavailable to him at the time of trial; (2) his failure to discover or obtain the evidence was not due to a lack of due diligence; (3) the evidence is admissible, not cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and will probably produce a different result in a new trial. *Carsner v. State*, 444 S.W.3d 1, 2-3 (Tex. Crim. App. 2014). "If the appellant fails to establish any one of these elements, the trial court does not abuse its discretion by denying the motion for new trial." *Jones v. State*, 234 S.W.3d 151, 157 (Tex. App.—San Antonio 2007, no pet.).

At trial, Augustin Gutierrez, a licensed professional counselor, recommended Keyser for the SAP program, an intensive outpatient treatment program with extended aftercare. He explained that Keyser had not previously participated in such a treatment program, he had created additional stipulations for Keyser, and he believed that Keyser had made progress in drug therapy classes. Gutierrez testified that inpatient treatment was an available alternative to SAP. He opined that Keyser needs treatment and is an appropriate candidate for treatment. Gutierrez admitted that Keyser had previously participated in SAFPF and treatment at The Harbor Ministries. When imposing Keyser's sentence, the trial court stated:

> The last thing that I would ever do would be to place you in a program with other people that are working to fight and to get control of their addiction. That would be a temptation to you that you've proven you can't succeed around. . . .

On appeal, Keyser maintains that it was unknown at the time of trial that he qualified for inpatient treatment. Accordingly, Keyser argues that the trial court's sentence would be different upon hearing testimony from an inpatient provider in addition to Gutierrez's testimony.

At trial, the trial court heard Keyser admit that, when he was arrested in 2013, he had been dealing drugs and was found in possession of weapons, live rounds, methamphetamine, marihuana, LSD, Dilaudid, a methamphetamine pipe, scales, and baggies. Keyser testified that he previously participated in SAFPF and

3

spent six months with The Harbor Ministries, but relapsed and failed to complete the program. The trial court also heard Gutierrez testify that Keyser had previously participated in other treatment programs and that inpatient treatment was an option. Nevertheless, when sentencing Keyser, the trial court emphasized that Keyser had proven an inability to succeed in treatment programs.

Under these circumstances, the record does not demonstrate that additional evidence suggesting that Keyser could participate in inpatient treatment would probably produce a different result. *See Carsner*, 444 S.W.3d at 3. The trial court did not abuse its discretion by denying Keyser's motion for new trial. *See Okonkwo*, 398 S.W.3d at 694; *see also Jones*, 234 S.W.3d at 157. We overrule Keyser's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 17, 2015
Opinion Delivered August 12, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

4