

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00238-CR

_____

THE STATE OF TEXAS, APPELLANT

V.

ROSA ELENA ARIZMENDI, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 68,589-E; Honorable Douglas R. Woodburn, Presiding

May 19, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, the State of Texas, appeals the trial court's order granting Appellee, Rosa Elena Arizmendi, a new trial following her conviction for possession with intent to deliver methamphetamine in an amount of more than 400 grams,[1] for which she was sentenced to twenty-five years confinement and assessed a $5,000 fine. By a single

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (West 2010).

issue, the State asserts the trial court abused its discretion by granting a new trial. We affirm.

BACKGROUND

Appellee and the State entered into a plea bargain and the trial court approved the State's recommendation for her sentence. As part of the agreement, Appellee signed a document entitled "Waivers" which included a boiler-plate waiver of the time provided by law to file a motion for new trial and motion in arrest of judgment. Following her conviction, she nonetheless filed a *Motion for New Trial and Motion in Arrest of Judgment* alleging the verdict was contrary to the law and evidence.[2] She also alleged the same trial court had granted her co-defendant's motion to suppress all evidence and statements resulting from a traffic stop of the van in which she was a passenger. According to her motion, the trooper who conducted the stop testified at her co-defendant's suppression hearing, and she argued that his testimony was new evidence not available or known to her at the time she pleaded guilty. She also requested a new trial "in the interests of justice."

The trial court set a hearing on Appellee's motion. At the hearing, she introduced as Defendant's Exhibit 1 a transcription of her co-defendant's motion to suppress hearing, as well as the trial court's *Findings of Fact and Conclusions of Law* from that hearing. Appellee's attorney admitted she had not presented Appellee with the option of filing a motion to suppress due to other matters and conceded she was ineffective in failing to do so. The State argued that Appellee's motion should be denied, among other reasons, because she waived her right to file a motion for new trial in accepting a

---

[2] TEX. R. APP. P. 21.3(h).

plea bargain. Additionally, the State refuted Appellee's claim that the trooper's testimony at her co-defendant's suppression hearing constituted new evidence. The State asserted that, prior to entering her guilty plea on April 28, 2015, Appellee had access to the alleged "new evidence" via a DPS video from the traffic stop. The State concluded its arguments with an allegation that Appellee failed to meet her burden of proof for obtaining a new trial. Three days after the hearing, the trial court signed an order granting a new trial "IN THE INTEREST OF JUSTICE."

STANDARD OF REVIEW

We review a trial court's ruling on a motion for new trial for abuse of discretion. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014); *State v. Herndon,* 215 S.W.3d 901, 903 (Tex. Crim. App. 2007). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Thomas,* 428 S.W.3d at 103. In conducting a review of the trial court's decision, an appellate court should view the evidence in the light most favorable to that decision, defer to the trial court's credibility determinations, and presume that all reasonable fact findings in support of the trial court's ruling have been made. *Id.* at 104.

A trial court would not generally abuse its discretion in granting a motion for new trial if the defendant (1) articulated a valid legal claim in the motion, (2) produced or pointed to evidence in the record that substantiated the same legal claim, and (3) showed prejudice to his substantial rights under the standards stated in Rule 44.2 of the Texas Rules of Appellate Procedure. *State v. Zalman*, 400 S.W.3d 590, 591 (Tex. Crim. App. 2013).

ANALYSIS

By its assertion that the trial court abused its discretion, the State presents three arguments: (1) Appellee executed a written waiver of the time in which to file a motion for new trial; (2) no new evidence was presented at the hearing; and (3) ineffective assistance, which was argued during the hearing, was not raised as a ground in the written motion.

### (1) WAIVER OF TIME TO FILE MOTION FOR NEW TRIAL

Relying on *Estrada v. State*, 149 S.W.3d 280 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd), the State maintains that formal waivers would serve no purpose if a defendant is not held to them. In *Estrada*, the court explained that in a plea-bargained case, Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure is clear that the right to appeal is limited. *Id.* at 282. "There is no exception for the trial court's refusal to grant permission to appeal. There is no exception for an adverse ruling on a motion for new trial. There is no exception for the voluntariness of waivers." *Id.*

Appellee posits that by setting a hearing on her motion for new trial, the trial court implicitly granted her permission to file the motion. This argument is not without merit. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (holding that trial court's permission to appeal controls over a defendant's previous waiver of the right to appeal in printed plea documents). In *Willis,* the Court also noted the trial court was in a better position to determine whether the previously executed waiver of appeal was validly executed and if there was any merit to the defendant's desire to appeal. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (citing *Willis*, 121 S.W.3d at 403).

Although Appellee does not cite us to any authority and we have found none in which the setting of a hearing on a motion for new trial implied permission to file an out-of-time motion for new trial, we apply the same rationale applied in *Willis* to reach that conclusion. Accordingly, we find the trial court implicitly granted Appellee permission to file her motion for new trial notwithstanding her waiver.

### (2) NEWLY DISCOVERED EVIDENCE

The Texas Code of Criminal Procedure provides, "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2007). *See Barrow v. State*, No. 07-13-00147-CR, 2014 Tex. App. LEXIS 7762, at *18 (Tex. App.—Amarillo July 16, 2014, pet. ref'd) (plurality opinion). The materiality requirement is satisfied if the accused shows (1) the evidence was unknown or unavailable at the time of trial; (2) the failure to discover or to obtain the evidence was not due to lack of diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result. *Carsner v. State*, 444 S.W.3d 1, 2 (Tex. Crim. App. 2014).

In support of her "new evidence" claim, Appellee detailed in her motion for new trial that the trooper's testimony from her co-defendant's suppression hearing was "not available or known at the time [she] entered her plea of guilty." The State responded that Appellee was provided with complete discovery and updates and had all material evidence in her possession before entering her guilty plea. Hence, her claim that she was entitled to a motion for new trial based on "new evidence" should fail.

5

It is undisputed that Appellee was provided with the video of her co-defendant's stop and viewed it before she entered her guilty plea. However, no audio is available on the video. During cross-examination of the trooper in her co-defendant's case, he testified he did not turn on the audio portion of his recording equipment even though he had already observed possible criminal indicators. He also testified there was no recording or communication with a dispatcher.

Appellee maintains the "new evidence" in support of her motion for new trial is the trooper's testimony elicited during rigorous cross-examination in her co-defendant's case. The State asserts that Appellee failed to "specifically identify what the 'new evidence' was" at the hearing. To the contrary, Appellee introduced into evidence as an exhibit the entire transcription of the suppression hearing in her co-defendant's case, and according to the ruling of the trial court in that proceeding, that evidence established the trooper did not lawfully stop her co-defendant's van.

This "new evidence" in the form of the trooper's testimony could not have been available to her before entering her guilty plea on April 28, 2015, when the trooper's testimony did not exist until her co-defendant's suppression hearing on May 4, 2015. The chronology demonstrates that the failure to obtain the evidence was not due to a lack of due diligence. The trooper's testimony was not cumulative, corroborative, collateral, or impeaching. Considering that Appellee's case was pending in the same trial court as her co-defendant's, the trooper's testimony probably would have resulted in a similar ruling if a motion to suppress had been filed in this case, thus resulting in a different outcome in a new trial. We find that Appellee satisfied the four-prong test for a new trial on the basis of newly discovered evidence. She also articulated a valid claim

6

in her motion—the stop of the van was unlawful, produced new evidence to support that claim, and showed her substantial rights were affected.  Accordingly, we conclude the trial court did not abuse its discretion in granting Appellee's motion for new trial on the basis of newly discovered evidence.  The State's sole issue is overruled.

### (3) INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, the State argues the trial court abused its discretion because ineffective assistance was not raised as a ground in Appellee's written motion for new trial. Because we have already found that the trial court did not abuse its discretion in granting Appellee a new trial based upon newly discovered evidence, we need not reach the issue of ineffective assistance of counsel.

### CONCLUSION

The trial court's order granting Rosa Elena Arizmendi's motion for new trial is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7