**The STATE of Texas**

v.

**Jose Luis CORTEZ, Appellee**

**NO. PD-1652-15**

Court of Criminal Appeals of Texas.

Delivered: October 12, 2016

John R. Messinger, Assistant State Prosecuting Attorney, Lisa C. McMinn, State's Attorney, Austin, for the State.

Q. Todd Hatter, Hatter Law Firm, PLLC, Amarillo, TX, for Appellee.

Keller, P.J., delivered the opinion of the Court in which Meyers, Keasler, Hervey, Alcala , Richardson, Yeary and Newell, JJ, joined.

Holding that a traffic stop was illegal, the trial court granted a motion to suppress. One of the State's arguments on appeal was that, if the police officer was mistaken about whether appellee had committed a traffic offense, the traffic stop was nevertheless legal as a reasonable mistake of law under *Heien v. North Carolina*.[1] Citing cases from our Court that predate *Heien*, the court of appeals concluded that even a reasonable mistake about the law would not justify a stop. However, the court of appeals did not discuss *Heien*. We conclude that the court of appeals failed to address every issue necessary to the disposition of the case. Consequently, we vacate the decision of the court of appeals and remand the case for reconsideration under *Heien*.

## I. BACKGROUND

### A. Trial

After spotting appellee's minivan driving on Interstate 40, a state trooper began to suspect that the vehicle was connected to criminal activity. The state trooper subsequently stopped the vehicle for unlawfully driving on the shoulder of the highway.[2] The basis for the conclusion that the vehicle was unlawfully driving on the shoulder was that it twice crossed onto the "fog line," the solid white line that begins at the outer edge of the driving lane of the highway.

In granting the motion to suppress, the trial court found that the traffic-stop video showed appellee's vehicle's "right rear tire (or its shadow) . . . to come in the proximity to and possibly touch the inside portion or more of the white line delineating the roadway from the improved shoulder . . . but not to extend past the . . . outermost edge of the fog line." In what is labeled a "conclusion of law," the trial court found that appellee's "vehicle did not cross outside the outermost edge of the fog line onto the improved shoulder of the roadway." The trial court further concluded that "[c]rossing over the fog line nearest

---

1.  — U.S. — , 135 S.Ct. 530, 190 L.Ed.2d 475 (2014).

2.  The shoulder was an "improved shoulder." *See* Tex. Transp. Code § 545.058.

the center of the roadway or upon the fog line is not a violation of Texas law."[3]

## B. Appeal

### 1. *State's Brief*

The State appealed. One of the State's points of error was, "The trial court abused its discretion in finding that the trooper lacked a reasonable suspicion to conduct a traffic stop." The State's discussion of this point began on page eleven of its brief with a "summary of argument." That summary. included the contention that, "Based upon his training and experience the trooper either observed the violation of driving upon improved shoulder, or at least reasonably believed that he had observed a violation of that law" and that, "The State is not required to show that an actual violation did occur."

On pages fifteen through seventeen of its brief, the State discussed *Heien* and why it believed that *Heien* dictated that this case should be resolved in the State's favor:

> As such, Trooper Snelgrooes acted in reasonable reliance on his understanding of the. statute. Either, TEX. TRANS. CODE 541.302(5) (defining a highway as the portion between the boundary lines) is clear and dispositive of the trooper's interpretation of the statute or the law is, as the trial courts seems to suggest, ambiguous. If it is the former, the trooper lawfully detained the defendant. If the law is ambiguous this case becomes analogous to *Heien v. North Carolina*, — U.S. ——, 135 S.Ct. 530, 536, 190 L.Ed.2d 475 (2014). In *Heien* the Supreme Court held that an officer's mistake of law was reasonable if; the statute contained at least some ambiguity and a State's appellate courts had not previously addressed the issue. *Heien v. North Carolina*, 135 S.Ct. at 539–40.

The State has argued in Issue One of this appeal, that the definitions of "highway" and "shoulder" as provided in TEX. TRANS. CODE § 541.302(5) and (15) respectively, are not ambiguous. The State has argued, therefore, that Trooper Snelgrooes having seen Cortez driving, at least on the fog line, reasonably believed that a violation of TEX. TRANS. CODE § 545.058(a) had occurred and his stopping of Cortez was authorized by law. However, if this Court accepts the trial court's findings of fact and conclusions of law *in toto*, that would raise the question of, "where does the shoulder begin?" If § 541.302 does not answer that question certainly § 5 45.058 offers no insight. Thus, that issue is, by definition, ambiguous. At the hearing Cortez offered no authority for the definition found by the trial court. The trial court cited no statutory or case law authority for its definition and the State, in its research has found no case law authority holding where the highway ends and the shoulder begins. If such is the case, then Trooper Snelgrooes found himself in the same position that Sergeant Darisse did when he observed only a single brake light on Heien's vehicle. Trooper Snelgrooes' observations and his reasonable understanding of the law, led him to believe that a violation of the law had occurred. Absent a clear statute or "on point" appellate authority holding to the contrary, Trooper Snelgrooes' belief, according to *Heien*, would have been reasonable. Using the totality of the circumstances criteria provided in *Powell v. State*, 5 S.W.3d 369, 376 (Tex. App.—Texarkana 1999), the trooper acted on specific observations, that based

---

**3.** The trial court also found that the two times appellee was alleged to have driven on the shoulder he had legal justification for doing so.

on his reasonable interpretation of the law, lead him to believe the he did possess sufficient information that justified an investigation into whether Cortez had, in fact, violated the law. That information, authorized Trooper Snelgrooes to lawfully stop Cortez.[4]

## 2. *Court of Appeals's Opinion*

The court of appeals held that the "fog line" is not part of the improved shoulder of a highway, and so a person does not drive on the improved shoulder if the vehicle is on—but does not cross beyond—the line.[5] Accepting the trial court's conclusion that appellee's vehicle did not cross beyond the fog line, the court of appeals affirmed the trial court's judgment granting the motion to suppress.[6] In disposing of the State's claim, the court of appeals rejected the State's contention that a reasonable mistake of law could provide reasonable suspicion to conduct a traffic stop:

> Nor do we find significance in the State's argument about the trooper's personal interpretation of the statute of consequence. As stated by our Court of Criminal Appeals, "[a]n officer's mistake about the law, or about the legal significance of undisputed facts, even if eminently reasonable, cannot serve to provide probable cause or reasonable

suspicion; it cannot, in other words, validate an otherwise invalid seizure."[7]

In arriving at its conclusion that a reasonable mistake of law could not serve as a proper basis for a stop, the court of appeals relied on our prior cases of *Robinson v. State* and *Abney v. State*, which were handed down in 2012 and 2013 respectively.[8] The court of appeals did not mention *Heien*,[9] which was handed down by the Supreme Court in 2014.[10]

## C. Discretionary Review

The State raised two grounds in its petition. In the first ground, the State contended that the court of appeals was incorrect in holding that the fog line was not part of the improved shoulder.[11] In the second ground, the State argued that there was an objectively reasonable basis for the stop under *Heien*.[12] On page five of its petition under its second ground, the State's heading is "The Court of Appeals ignored *Heien*." Contending that the court of appeals mischaracterized the State's argument as relying on the trooper's "personal interpretation," the State, citing Rule of Appellate Procedure 47.1, contended that "the court of appeals rendered an opinion that does not address every issue raised and necessary to final disposition."

4. Stylistic errors in this passage appear in the original.

5. *State v. Cortez*, 482 S.W.3d 176, 182–84 (Tex. App.—Amarillo 2015).

6. *Id.* at 184.

7. *Id.* at 183.

8. *Id.* at 183 (citing *Robinson v. State*, 377 S.W.3d 712, 722 (Tex. Crim. App. 2012) and *Abney v. State*, 394 S.W.3d 542, 549–50 (Tex. Crim. App. 2013)).

9. *See id.* at *passim*.

10. *See supra* at n.1.

11. The State's first ground for review reads, "Where does the improved shoulder of a highway begin: on the inside edge of the 'fog line,' the outside edge, or somewhere in between?"

12. The State's second ground for review reads, "Given the lack of controlling precedent, was it objectively reasonable under *Heien v. North Carolina*, —— U.S. ——, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014), for a law enforcement officer to believe that the improved shoulder begins where the roadway appears to end?"

## II. ANALYSIS

Rule of Appellate Procedure 47.1 requires a court of appeals to "hand down a written opinion ... that addresses every issue raised and necessary to the final disposition of the appeal."[13] *Heien* was a prominent part of the argument under the State's second point of error in its brief before the court of appeals, and the State claimed that it resolved the case. The court of appeals should have addressed *Heien*.[14]

We vacate the judgment of the court of appeals and remand the case for reconsideration in light of *Heien*.[15]

Johnson, J., concurred.

---

**13.** TEX. R. APP. P. 47.1; *Carsner v. State*, 444 S.W.3d 1, 4 (Tex. Crim. App. 2014).

**14.** Although the State has invited us to resolve the merits of its *Heien* claim, as well as to resolve the statutory question of whether the fog line is part of the improved shoulder, we find resolution of those questions to be premature. The court of appeals's resolution of the *Heien* issue could impact the resolution of both of the State's grounds for review before us and may even affect whether we would want to grant review of those grounds.

**15.** The State's grounds for review are otherwise dismissed without prejudice. *See Carsner*, 444 S.W.3d at 4 n.10.