

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00322-CR

Jonathan David **FLOYD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 11, Bexar County, Texas
Trial Court No. 619928
Honorable Timothy Johnson, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 2, 2023

AFFIRMED

Jonathan Floyd appeals his conviction and sentence from the trial court following a jury

finding him guilty of assault causing bodily injury-married. We affirm the trial court's judgment.

### BACKGROUND

In July of 2019, Jonathan and his wife Katherine visited San Antonio for a weekend-long

networking event. Tensions between them were high on Friday. That night, they argued at dinner,

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

so Katherine left early and went to their hotel room. Jonathan returned to the room around 2:00 A.M. and they began arguing loudly, generating a noise complaint. The hotel security guard who responded to the complaint heard the couple arguing when he stepped off the elevator and saw a bruise and gash on Katherine's face when he arrived at their room. A San Antonio Police Department officer also responded, saw an injury on Katherine's face, and arrested Jonathan. Initially, Katherine denied that Jonathan hit her and later filed an affidavit of non-prosecution, but changed her position sometime after filing for divorce.

At Jonathan's criminal jury trial, the security guard and police officer testified. Jonathan and Katherine also testified, including vaguely referring to their prior arguments.[2] During closing argument, the State argued, "So, the victim and the defendant both said that this type of thing had happened before. And we weren't able to get into those with you-all. Pay attention on who was objecting when we tried to touch on—." Jonathan objected on improper-jury-argument grounds. The trial court sustained the objection, issued a limiting instruction to the jury, and denied Jonathan's motion for mistrial. The jury returned a guilty verdict, and the trial court sentenced him to 12 months of probation.

Jonathan filed a motion for new trial complaining that outside the presence of the jury, Katherine represented that, in the divorce proceedings, she was waiving the ability to recover spousal maintenance arising out of family violence. As a result, in the criminal trial, Katherine was not questioned on the topic. In his motion for new trial, Jonathan argued, "Counsel specifically asked if she had sought special spousal support based on the alleged assault and she unequivocally

---

[2] Katherine, in describing Jonathan coming into the hotel room that night and asking why she hadn't answered her phone, testified, "That I was asleep, and that I didn't hear it. And basically to, please, keep it down and not wake up our son. Unfortunately, we have had nights that escalated from that; and I was just trying to keep everything at bay" and "It was typical of our escalation moments where I wanted to start to de-escalate it." Similarly, Jonathan described their relationship around the time, "There was a lot of arguing and screaming. . . . And in my state there was feelings – she felt her way, and we kind of screamed back and forth. It's not our first time" and "I was upset. We'd done this before." This testimony was admitted without objection.

stated she was not seeking that. The exhibit shows this was a blatant lie." Jonathan attached to his

motion for new trial an excerpt, purportedly from Katherine's Fifth Amended Petition for Divorce:

### 14.    *Postdivorce Maintenance*

If Respondent is convicted of or receives deferred adjudication for a crime which constitutes family violence, Petitioner requests the Court to order that Petitioner be paid postdivorce maintenance for a reasonable period in accordance with chapter 8 of the Texas Family Code. Petitioner requests the Court to issue an order for withholding from Respondent's wages for this maintenance.

The trial court did not hold a hearing on Jonathan's motion for new trial. He timely appealed.

## ANALYSIS

### *Improper Jury Argument*

In his first issue, Jonathan contends that the State's closing argument was manifestly

improper as it alluded to possible prior instances of family violence.

### *Applicable Law and Standard of Review*

It is well established that there are four areas of proper jury argument: "(1) summation of

the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing

counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App.

2008). As the Texas Court of Criminal Appeals has recognized, "It is the duty of trial counsel to

confine their arguments to the record; reference to facts that are neither in evidence nor inferable

from the evidence is therefore improper." *Id.* The State may not use closing argument to bring

matters directly or indirectly before the jury which are not supported by the record and are

prejudicial to the defendant. *Id*. When a trial court sustains an objection and instructs the jury to

disregard improper argument but denies a defendant's motion for a mistrial, the issue is whether

the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–

77 (Tex. Crim. App. 2004).

### *Application*

During closing argument, the State referenced prior altercations between Jonathan and Katherine. Jonathan contends the State's allusion went beyond the proper scope of jury argument. The State responds that any alleged error in regard to its closing argument was waived because Katherine and Jonathan both testified about their past altercations without objection.

The trial court sustained Jonathan's objection to the State's reference to prior altercations and instructed the jury to disregard the comment. An instruction to disregard will generally cure an improper argument, and we must presume the jury followed the instruction. *Freeman v. State*, 340 S.W.3d 717, 727–28 (Tex. Crim. App. 2011); *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). We therefore conclude, as we are required to do, that the jury followed the trial court's instruction and disregarded this argument. *See Gamboa*, 296 S.W.3d at 580. Because the State's reference to the prior instances was not "extreme and manifestly improper" as Jonathan suggests, but rather constituted a summation of the evidence that was admitted without objection, we conclude the trial court did not abuse its discretion in denying the motion for mistrial. *See Freeman*, 340 S.W.3d at 728.

We overrule Jonathan's first issue on appeal.

### *Evidentiary Hearing*

In his second issue on appeal, Jonathan argues that the trial court abused its discretion by refusing to grant him a hearing on his motion for a new trial.

### *Applicable Law and Standard of Review*

There are two purposes of a new trial hearing: (1) to determine whether the case should be retried; or (2) to complete the record on appeal. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). A hearing on a motion for a new trial is not an absolute right, and while the defendant need not plead a prima facie case, his motion "must at least allege sufficient facts that show

reasonable grounds to demonstrate that he could prevail." *Hobbs v. State*, 298 S.W.3d 193, 199–200 (Tex. Crim. App. 2009). The motion must also be supported by an affidavit specifically setting out the factual basis for any claim not already in the record. *Smith*, 286 S.W.3d at 339. If the motion and affidavit are sufficient, a hearing is mandatory. *Stogiera v. State*, 191 S.W.3d 194, 200 (Tex. App.—San Antonio 2005, no pet.). We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Hobbs*, 298 S.W.3d at 200. A trial court abuses its discretion in failing to hold a hearing if the motion and accompanying affidavits: (1) raise matters which are not determinable from the record; and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Freeman*, 340 S.W.3d at 733–34.

### *Application*

In his motion for new trial, Jonathan asserted that after his criminal trial, he learned that Katherine was seeking spousal maintenance, predicated on the family violence charge, despite testifying outside the presence of the jury that she had waived it. Jonathan contends that this "misrepresentation" effectively closed a line of cross-examination regarding Katherine's "motivation for recanting her previous stories and presenting a new version of events at trial."

Jonathan argues that he had a constitutional right to cross-examine Katherine regarding her motivation for recanting her affidavit of non-prosecution. The record, however, demonstrates that he cross-examined Katherine on this subject. At trial, Jonathan questioned Katherine about reporting one version of events on the day Jonathan was arrested and a different version at trial. Jonathan further asked Katherine if she "would do anything for [her] son[,]" and, after she answered in the affirmative, continued to question her regarding their ongoing divorce proceedings. Jonathan asked Katherine if she was aware that while the trial was ongoing, and if convicted, he would be unable to be the sole managing conservator of their son. Katherine testified she was aware of "a law that said a parent is prohibited from having sole custody while an ongoing

divorce is going if there is an act of family violence." This line of questioning illustrates that Katherine was cross-examined generally as to her possible motive for recanting her affidavit of non-prosecution.

Furthermore, we cannot conclude the trial court abused its discretion in denying Jonathan a hearing on his motion regarding Katherine's amended divorce petition because evidence that is "merely cumulative, corroborative, collateral, or impeaching" is insufficient. *Carsner v. State*, 444 S.W.3d 1, 2 (Tex. Crim. App. 2014). The evidence described in Jonathan's motion sought to impeach Katherine and test her general credibility. This alone does not establish the reasonable grounds necessary to afford Jonathan a hearing on his motion. *See Espinoza v. State*, 185 S.W.3d 1, 6 (Tex. App.—San Antonio 2005, no pet.) (holding trial court properly denied hearing on motion for new trial that presented new evidence that merely tested witness's general credibility). For these reasons, we cannot say that "the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Smith*, 286 S.W.3d at 339.

We therefore overrule Jonathan's second issue on appeal.

### CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH

- 6 -